[Cite as *In re R.B.*, 2019-Ohio-3298.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE:  R.B.            :        APPEAL NOS. C-170622

                                                        C-170623

                      :        TRIAL NOS. 11-9083X

                                                        11-9085X

                      :

                      :            *O P I N I O N.*

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are:  Vacated

Date of Judgment Entry on Appeal:  August 16, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Raymond T. Faller,* Hamilton County Public Defender, and *Julie Kahrs Nessler*, Assistant Public Defender, for Defendant-Appellant R.B.

**CROUSE, Judge.**

{¶1}   R.B. has appealed the judgments of the juvenile court continuing his classification as a Tier I juvenile-offender registrant under Ohio's version of the Adam Walsh Act.  We vacate the judgments of the juvenile court continuing R.B.'s Tier I classification, because we hold that the juvenile court had no jurisdiction to enter an order continuing R.B.'s Tier I classification after he had turned 21 and his disposition, by its own terms, had ended.

### I.     Procedural Background

{¶2}   On October 14, 2011, R.B. admitted in juvenile court to acts which if committed by an adult would have constituted two counts of gross sexual imposition, felonies of the fourth degree.  R.B., who was 14 when he committed the acts, admitted to placing his penis into the mouths of his two four-year-old cousins.  The magistrate entered an order in both cases stating that the parties agreed that "this is a Tier I offense."  On December 2, 2011, R.B. was committed to the Department of Youth Services ("DYS") until age 21.  The commitment was suspended, and he was placed on probation and ordered to complete the residential treatment program at Altercrest.

{¶3}   At a hearing on January 13, 2012, the magistrate stated on the record that the parties had agreed that R.B. would be classified as a Tier I juvenile-offender registrant, and the parties agreed with the magistrate's statement on the record.  The same day, the magistrate issued a decision in each case, which erroneously stated in the body that R.B. was a Tier III sex offender, but at the end of each entry is typed "THIS IS A TIER I CLASSIFICATION—NOT TIER III."  The entries contain the R.C. 2152.84 and 2152.85 modification or termination language.  R.B. was notified of his

Tier I registration duties, and both R.B. and his mother signed the notice of registration duties. There was no objection to the January 13, 2012 decisions.

{¶4} On February 6, 2013, R.B.'s Altercrest placement was terminated. The juvenile court entered an order on July 29, 2013, releasing R.B. from official probation and placing him on nonreporting probation with monitored time. On September 3, 2014, the magistrate denied R.B.'s application to seal the record and noted that he was required to register until 2022 unless reclassified.

{¶5} The state filed a motion to set a completion-of-disposition hearing on October 24, 2016. R.B. objected on the basis that the juvenile court lacked jurisdiction to hold a completion-of-disposition hearing. R.B. argued that his end-of-disposition hearing under R.C. 2152.84 was held too late, because it should have been held when he completed his court-ordered treatment, in the alternative, he argued that the hearing was being held too early, because he had not yet completed his disposition. On January 30, 2017, the magistrate ordered the completion-of-disposition hearing to be held. R.B.'s objection was overruled by the juvenile court, which found that it had jurisdiction to hold the completion-of-disposition hearing. The magistrate held the completion-of-disposition hearing on May 8, 2017. On July 13 and 14, 2017, the magistrate entered decisions continuing R.B.'s Tier I classification. R.B. filed objections.

{¶6} On July 20, 2017, R.B. turned 21 years of age. The juvenile court held a hearing on R.B.'s objections on September 19, 2017. On October 30, 2017, the juvenile court denied R.B.'s objections and adopted the magistrate's decisions continuing R.B.'s Tier I classification. R.B. has appealed.

## II. Analysis

3

{¶7} This court entered an order advising counsel of an issue, identified by the court but not raised in the parties' briefs, to be addressed at oral argument. We framed the issue as:

Did the juvenile court have jurisdiction to enter an order continuing R.B.'s Tier I classification after he turned 21 and his disposition, by its own terms, had ended? Be prepared to discuss the impact, if any, of *State v. Amos*, 2017-Ohio-8448, 87 N.E.3d 1305 (1st Dist.), on this issue.

{¶8} We answer the question raised by this court in the negative and hold that the juvenile court had no jurisdiction to enter an order continuing R.B.'s Tier I classification after he turned 21 and his disposition, by its own terms, had ended.

{¶9} R.C. 2152.83(B)(1) provides that in the case of a juvenile offender who was 14 or 15 years of age when he committed his offense the juvenile court has discretion as to whether to classify the juvenile as a juvenile-offender registrant. In this case, the juvenile court classified R.B., who was 14 at the time he committed his offenses, as a Tier I juvenile-offender registrant. R.C. 2152.84(A)(1) requires that when a juvenile court has issued an order under R.C. 2152.83 classifying the juvenile as a juvenile-offender registrant, "upon completion of the disposition of that child made for the sexually oriented offense or the child-victim oriented offense on which the juvenile offender registrant order was based, the judge * * * shall conduct a hearing to review the effectiveness of the disposition * * * to determine whether the prior classification" should be continued, terminated, or modified. R.C. 2152.84(A)(1) refers to the completion-of-disposition hearing in mandatory terms, stating that the juvenile court *shall* hold a second classification hearing upon the completion of disposition.

{¶10} This court stated in *In re Antwon C.*, 182 Ohio App.3d 237, 2009-Ohio-2567, 912 N.E.2d 182, ¶ 20 (1st Dist.),

> Juvenile [offender registrants] are afforded two classification hearings. First, under R.C. 2152.83, a juvenile is afforded a tier-classification hearing either as part of the child's disposition or, if the child is committed to a secure facility, when the child is released. Second, under R.C. 2152.84, when a child completes all aspects of the disposition, including probation and any ordered treatment, the trial court "shall conduct a hearing" to consider the risk of reoffending so that the trial court can determine whether the order to register as a sex offender should be continued or terminated. Further, at the reclassification hearing, the trial court must determine whether the specific tier classification in which the child has been placed is proper and if it should be continued or modified.

{¶11} In *State v. Schulze*, 2016-Ohio-470, 59 N.E.3d 673 (1st Dist.), the juvenile court had correctly entered an initial classification order under Megan's Law, former R.C. Chapter 2950, but had erroneously held Schulze's completion-of-disposition hearing and entered the reclassification order under the Adam Walsh Act, rendering the order void. We held that the juvenile court had not properly completed the statutorily-required process for classifying Schulze as a juvenile-offender registrant, and that the initial classification order was not "revived or still in effect." Therefore, there was no valid order in place requiring Schulze to register. We stated, "In order to complete the process of classifying a juvenile as a sex-offender registrant, the juvenile court was required to hold an end-of-disposition hearing." *Id.* at ¶ 8.

{¶12} We relied on *In re Antwon C.* and *Schulze* in *State v. Amos*, 2017-Ohio-8448, 87 N.E.3d 1305 (1st Dist.), *appeal accepted*, 152 Ohio St.3d 1442, 2018-Ohio-1600, 96 N.E.3d 298, *appeal dismissed as improvidently accepted*, 156 Ohio St.3d 237, 2019-Ohio-168, 125 N.E.3d 832. Amos had been adjudicated delinquent of rape and committed to DYS. He was subsequently released from DYS, placed on "parole," and, by agreement, classified by the juvenile court as a Tier I juvenile-offender registrant. Amos was discharged from parole without a completion-of-disposition hearing being held. Over a year later, the juvenile court held, in Amos's absence, what it termed a "completion-of-disposition hearing" and continued Amos's Tier I classification. In holding that the juvenile court had no jurisdiction to classify Amos as a Tier I juvenile-offender registrant because the court had not properly completed the statutorily-required classification process, we stated,

> The juvenile court loses its jurisdiction over a juvenile who has completed his parole or community control and has been discharged by the court. Because the juvenile court did not hold a hearing before Amos was discharged from parole, completing his disposition for his sexually-oriented offense, the juvenile court did not properly complete the statutorily-required process for classifying him as a juvenile-offender registrant, and thus, it had no authority to classify Amos as a Tier I offender. Therefore, Amos has no duty to register as a sex offender.

*Id.* at ¶ 14. We noted that when Amos had been discharged from parole by the juvenile court he had "completed all aspects of the disposition" for his sexually-oriented offense. We held that at that time, the juvenile court should have held a completion-of-disposition hearing under R.C. 2152.84.

{¶13} In deciding *Amos*, we also relied on the Ohio Supreme Court's decision in *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, in which the court held that the juvenile court lacked statutory authority to conduct an initial juvenile-offender-registration hearing after the juvenile had fully satisfied the court's delinquency adjudication and had turned 21. The Supreme Court stated that the juvenile court "patently and unambiguously" lacked jurisdiction to classify Jean-Baptiste once his juvenile disposition had been fully satisfied. The court stated,

> Because the juvenile court lacks statutory authority to classify Jean-Baptiste after he was released and the court's delinquency adjudication has been fully satisfied, we agree with Jean-Baptiste's first proposition of law as applied to this case and hold that the juvenile court lacks jurisdiction to classify Jean-Baptiste who is now no longer a "child" under the applicable statute.

*Id.* at ¶ 32. The Supreme Court noted that *Jean-Baptiste* was "in accord" with its decision in *In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, in which the court held that the juvenile court had no jurisdiction to reimpose a suspended commitment to a DYS facility after the juvenile had been released from probation, because "the completion of probation signals the end of the court's jurisdiction over a delinquent juvenile." *In re Cross* at ¶ 28. "When the court ended Cross's probation, it ended its ability to make further dispositions as to Cross on that delinquency count." *Id.*

{¶14} In the instant case, R.B.'s disposition was commitment to DYS until age 21, although that commitment was suspended. R.B. turned 21 on July 20, 2017. At that time, his disposition, by its own terms, was completed. The juvenile court held a hearing on R.B.'s objections to the magistrate's decision on September 19,

7

2017, and did not enter orders continuing R.B.'s Tier I classification until October 30, 2017, well after R.B. had turned 21 and his disposition had ended. Because the trial court did not complete the statutorily-required process for classifying R.B. prior to the completion of his disposition upon his turning 21, it had no jurisdiction to classify him as a Tier I offender. The initial classification order is not revived or still in effect, and therefore, there is no order in place requiring R.B. to register as a sex offender. *See Amos*, 2017-Ohio-1305, 87 N.E.3d 1305, at ¶ 8; *Schulze*, 2016-Ohio-470, 59 N.E.3d 673, at ¶ 9-11. Therefore, R.B. has no duty to register as a sex offender under R.C. Chapter 2950. *See Amos* at ¶ 14.

{¶15} We note that our holding in this case in no way impacts our opinion in *State v. Buttery*, 1st Dist. Hamilton No. C-160609, 2017-Ohio-9113, in which we upheld R.B.'s adult conviction for failing to register, because that conviction was based on the initial Tier I classification imposed at his disposition, which was still in effect at that time. We pointed out in that case that the record did not reflect that R.B. had had his completion-of-disposition hearing.

{¶16} R.B.'s assignments of error are made moot by our disposition in this case. The juvenile court's judgments continuing R.B.'s classification as a Tier I juvenile-offender registrant are hereby vacated.

*Judgments vacated.*

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:
   The court has recorded its own entry this date.