NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5476

IN RE R.B.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re R.B.*, Slip Opinion No. 2020-Ohio-5476.]

*Juvenile law—Sex-offender-classification hearing—A juvenile court does not lose jurisdiction to enter an order pursuant to R.C. 2152.84 once the juvenile reaches the age of 21—While a juvenile court's failure to hold a hearing in compliance with R.C. 2152.84 in a timely manner may support other claims for relief, the statutory directive that the hearing be held upon a juvenile's completion of his disposition is not a jurisdictional requirement—A hearing may take place within a reasonable amount of time after a juvenile completes his disposition—Court of appeals' judgment reversed and cause remanded.*

(No. 2019-1325—Submitted August 5, 2020—Decided December 2, 2020.)

APPEAL from the Court of Appeals for Hamilton County,
Nos. C-170622 and C-170623, 2019-Ohio-3298.

_____

**DeWine, J.**

{¶ 1} This case involves the procedures by which a juvenile is classified as a sex offender. When R.B. was a teenager, he sexually abused his two four-year-old cousins. The juvenile court adjudicated R.B. delinquent, classified him as a sex offender, and imposed a disposition that included probation until his 21st birthday. In juvenile cases, the court is required to hold a second sex-offender-classification hearing upon the juvenile's completion of the disposition. The court held the second hearing and kept R.B.'s classification the same. R.B. challenges the timing of that hearing.

{¶ 2} R.B. first contends that the juvenile court was required to hold the review hearing and issue its decision on the exact day his disposition ended (in other words, the day that his term of probation expired). He says that once he completed his disposition, the court lost jurisdiction to continue his classification, and he may no longer be classified as a sex offender. We disagree. The language "upon completion of the disposition," R.C. 2152.84(A)(1), does not require a hearing and order on the exact day the disposition ends. Rather, the court's review may take place within a reasonable time of the juvenile's completion of his disposition.

{¶ 3} Second, R.B. argues that the juvenile court lacked jurisdiction because its order continuing his classification was not issued until after his 21st birthday. Here, too, we disagree. By statute, the juvenile court maintains jurisdiction to review a juvenile's sex-offender classification after the juvenile reaches the age of 21. *See* R.C. 2151.23(A)(15). Because the court of appeals concluded that the juvenile court lacked jurisdiction, we reverse its judgment and remand the case for further proceedings.

## I. The juvenile sex-offender-classification process

{¶ 4} When a juvenile commits a sex offense, the juvenile court has the ability to classify the juvenile as a sex offender. *See generally* R.C. 2152.82

2

through 2152.86; 2007 Am.Sub.S.B. No. 10 (Ohio's Adam Walsh Act). A juvenile who has been classified as a sex offender has certain legal obligations, such as registering and periodically verifying his address in person with the sheriff. *See* R.C. 2950.07. The frequency with which the juvenile must report and the duration of his reporting requirements depend on the level of the classification imposed. *Id.*

{¶ 5} Unlike adult offenders, whose classification levels are based solely on the underlying offense, *see* R.C. 2950.01, the juvenile court has discretion to determine the appropriate classification for a juvenile offender, *see* R.C. 2152.83(A)(2) and (B)(2). Additionally, while adult classifications flow directly from the conviction and are not subject to modification, the juvenile court retains jurisdiction to review a juvenile offender's classification. The classification process is set forth in a series of statutes (the "classification statutes"). The juvenile court conducts a hearing at the time of the juvenile's disposition, *see* R.C. 2152.83, and at the time the juvenile completes the disposition, *see* R.C. 2152.84. After that, the juvenile may petition the juvenile court for review every three or five years. *See* R.C. 2152.85.

{¶ 6} R.B.'s disposition ended on his 21st birthday. A Hamilton County juvenile-court magistrate held R.B.'s completion-of-disposition hearing two months before his birthday and issued orders continuing his sex-offender classification the week before he turned 21. The juvenile court adopted the magistrate's decision to maintain R.B.'s sex-offender classification, but it did not do so until after R.B.'s disposition had ended and he had turned 21. R.B. therefore contends that the classification order is invalid and that he does not have a duty to register as a sex offender.

{¶ 7} In order to better understand R.B.'s challenge, it is helpful to lay out the relevant portions of the statutes outlining the sex-offender-classification process for juveniles before we delve further into the facts of this case.

{¶ 8} R.C. 2152.83 addresses what we will refer to as the "initial classification hearing." With respect to juveniles who, like R.B., committed their offenses at the age of 14 or 15, the court has discretion whether to hold a classification hearing or impose a classification at all. R.C. 2152.83(B)(1) and (2). If the court decides to conduct a hearing, the statute provides for it to be held "at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, * * * at the time of the child's release from the secure facility." R.C. 2152.83(B)(1). Then "upon completion of the hearing," the court may classify the juvenile as a sex offender or may decline to do so. R.C. 2152.83(B)(2). If the court imposes a classification, the court must notify the juvenile of his registration and reporting requirements. R.C. 2152.83(C)(3). The court is also required to tell the juvenile that a second hearing will be held at the end of his disposition pursuant to R.C. 2152.84 and that his classification may be modified or terminated at that time. R.C. 2152.83(C)(3).

{¶ 9} R.C. 2152.83(E) provides that the initial classification order "shall remain in effect for the period of time specified in section 2950.07 of the Revised Code, subject to a modification or termination of the order under section 2152.84 of the Revised Code." R.C. 2950.07 outlines the duration of a juvenile offender's duty to register. For a juvenile classified as a Tier I offender, the duty to register lasts for 10 years; for a Tier II juvenile offender, the obligation continues for 20 years; and a juvenile classified as a Tier III offender must register for life. R.C. 2950.07(B). Further, "[t]he child's attainment of eighteen or twenty-one years of age does not affect or terminate the order, and the order remains in effect for the period of time described in this division." R.C. 2152.83(E).

{¶ 10} The juvenile court must hold a second hearing to review the classification "upon completion of the disposition" (we will call this the "completion-of-disposition hearing"). R.C. 2152.84. The purpose of the hearing is

4

> to review the effectiveness of the disposition and of any treatment provided for the child, to determine the risks that the child might re-offend, to determine whether the prior classification of the child as a juvenile offender registrant should be continued or terminated * * *, and to determine whether its prior determination * * * as to whether the child is a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender should be continued or modified * * *.

R.C. 2152.84(A)(1). "Upon completion of [this] hearing," the court may either continue the juvenile's previous classification, reduce the level of his classification, or terminate his classification altogether. R.C. 2152.84(A)(2).

{¶ 11} Finally, R.C. 2152.85 allows a juvenile classified as a sex offender to petition the juvenile court at certain intervals to have his classification modified or removed (we will call this the "periodic-review provision"). The juvenile may first petition the court for review three years after the completion-of-disposition hearing. R.C. 2152.85(B)(1). The juvenile may petition the court a second time three years after the first petition was filed, R.C. 2152.85(B)(2), and then every five years after that for the duration of the registration period, R.C. 2152.85(B)(3). *See also In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, ¶ 36.

{¶ 12} With that understanding, we turn to the history of this case.

## II. R.B.'s classification

{¶ 13} When R.B. was 14 years old, he sexually abused his two four-year-old cousins. He confessed what he had done, and in October 2011, he was adjudicated delinquent on two counts of gross sexual imposition. The juvenile court held a dispositional hearing on December 2. The court placed R.B. on probation with a suspended commitment to the Ohio Department of Youth Services

that was to remain in place until he reached the age of 21. As a condition of probation, the court required R.B. to complete a residential treatment program.

{¶ 14} The juvenile court issued an entry the following week continuing the case to January for the court to hold an initial sex-offender-classification hearing. After the hearing, the court classified R.B. as a Tier I offender. At that time, the court provided R.B. and his mother a form notifying them that as a result of R.B.'s classification, he would be required to register annually for a period of ten years.

{¶ 15} After his initial classification hearing, R.B. continued to comply with his probation obligations. R.B. successfully completed the residential portion of his treatment program in February 2013 and reentered the community under an electronic-monitoring requirement. He attended counseling and sex-offender treatment on an outpatient basis. In July 2013, the probation department notified the court that R.B. had satisfied the terms of his probation. The court therefore ordered that R.B. "be released from official probation and placed on non-reporting probation with Monitored Time." *See* R.C. 2929.01(Y) (monitored time is "a period of time during which an offender continues to be under the control of the sentencing court * * *, subject to no conditions other than leading a law-abiding life").

{¶ 16} R.B. stayed out of trouble and little happened in his case for another year. In July 2014, R.B. filed an application asking to have his record sealed, which the juvenile court denied two months later, noting that the "requisite requirements for eligibility have not yet been met" and that R.B. remained under a duty to register as a sex offender until 2022.

{¶ 17} Following that decision, the court scheduled a completion-of-disposition hearing pursuant to R.C. 2152.84. The hearing was first set for November 19, 2014, but the matter was continued three times at the defense's request. Then, on April 28, 2015, the court issued an entry stating that the defense's request for reclassification had been "withdrawn." The court did not hold the R.C.

2152.84 completion-of-disposition hearing or enter an order continuing or terminating R.B.'s classification at that time.

{¶ 18} The court took no further action on R.B.'s classification until October 24, 2016, when the state filed a motion asking the juvenile court to hold a completion-of-disposition hearing. R.B. objected to the state's request, asserting that the juvenile court lacked jurisdiction to go forward with the hearing because it had not been held "upon completion of the disposition," as required under R.C. 2152.84.

{¶ 19} In January 2017, a juvenile-court magistrate held a hearing to determine whether the court had jurisdiction to conduct the completion-of-disposition hearing. R.B. contended that he had completed his disposition at the time he finished outpatient treatment and was released from his probation reporting obligations and that the hearing was therefore untimely. Alternatively, if the court determined that nonreporting probation was a valid dispositional order, then R.B. reasoned that he had not yet completed his disposition and the state's attempt to hold the hearing was premature.

{¶ 20} The juvenile-court magistrate determined that she could proceed with the completion-of-disposition hearing. R.B. filed objections, and the parties argued the matter before the juvenile-court judge. On March 6, 2017, the judge issued a decision finding that the court had jurisdiction to proceed with the completion-of-disposition hearing. The court concluded that R.B. remained on nonreporting probation with a suspended commitment to DYS and that R.B. was therefore still subject to the jurisdiction of the juvenile court.

{¶ 21} The magistrate held the completion-of-disposition hearing on May 8, 2017, and issued orders on July 13 and 14, 2017, continuing R.B.'s Tier I classification. R.B. turned 21 years of age one week later, on July 20, 2017.

{¶ 22} R.B. filed objections to the magistrate's decision. The juvenile-court judge held a hearing on the objections in September and issued a written decision

the following month adopting the magistrate's orders continuing R.B.'s Tier I classification.

{¶ 23} R.B. appealed, asserting that his initial classification order was invalid, that the juvenile court lacked jurisdiction to hold the completion-of-disposition hearing because it did not take place at the time the disposition was completed, that the juvenile court violated R.B.'s due-process rights by not holding the completion-of-disposition hearing at the time that he had completed his treatment, and that the juvenile court abused its discretion in continuing R.B.'s classification. The First District Court of Appeals ordered further briefing on the question whether the juvenile court lost jurisdiction to adopt the magistrate's order continuing R.B.'s classification once R.B. reached 21 years of age. The court of appeals concluded that the juvenile court lacked jurisdiction to issue orders continuing R.B.'s classification both because he had reached the age of 21 and because his disposition had ended when he turned 21. It therefore vacated the classification orders. 2019-Ohio-3298. Based on its resolution of the jurisdiction question, the court of appeals held that R.B.'s other arguments were moot and declined to address them.

{¶ 24} We accepted the state's appeal, which raised the following proposition of law: "Once a juvenile court makes an appropriate initial classification under R.C. 2152.83, it is permanently vested with jurisdiction to review the classification in accordance with R.C. 2152.84 and 2152.85." *See* 157 Ohio St.3d 1523, 2019-Ohio-5327, 137 N.E.3d 102.

{¶ 25} R.B. filed a cross-appeal raising three propositions of law. We accepted discretionary review over one of them, which asserts that the completion-of-disposition hearing must be held at the time the juvenile completes treatment to comply with due process. *Id.*

### III. The juvenile court does not lose jurisdiction to enter an order pursuant to R.C. 2152.84 when the juvenile reaches the age of 21

{¶ 26} We first take up the portion of the First District's holding that the juvenile court lost jurisdiction to continue R.B.'s Tier I classification once he turned 21.

{¶ 27} R.C. Chapter 2152 outlines the jurisdiction of juvenile courts with respect to delinquent children. The general rule is that a juvenile court has jurisdiction over juveniles who have been adjudicated delinquent until they reach the age of 21:

> The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic offender shall be deemed a "child" until the person attains twenty-one years of age.

R.C. 2152.02(C)(6); *see also In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 23. R.B. would have us stop there and hold that the juvenile court lost jurisdiction to hold the completion-of-disposition hearing once he turned 21 and was no longer a "child" under R.C. 2152.02(C)(6).

{¶ 28} That argument might be successful if that statute was the only source of the juvenile court's jurisdiction. But another provision grants the juvenile court "exclusive original jurisdiction" to carry out its obligations under the sex-offender-classification statutes: "[t]o conduct the hearings, and to make the determinations, adjudications, and orders authorized or required under sections 2152.82 to 2152.86

and Chapter 2950. of the Revised Code regarding a child who has been adjudicated a delinquent child." R.C. 2151.23(A)(15). In other words, the juvenile court has jurisdiction to conduct sex-offender-classification hearings and issue classification orders under the terms of the classification statutes.

{¶ 29} R.B. picks up on the word "child" in R.C. 2151.23(A)(15). He contends that R.C. 2152.02(C)(6)—which states that a person who has been adjudicated delinquent "shall be deemed a 'child' until the person attains twenty-one years of age"—provides the meaning of the word "child" for purposes of R.C. 2151.23(A)(15). Because the statute authorizes the juvenile court to conduct hearings and issue classification orders "regarding a child," R.C. 2151.23(A)(15), and a juvenile who has been adjudicated delinquent is only considered to be a child until he reaches the age of 21, R.C. 2152.02(C)(6), R.B. says the court's jurisdiction to carry out its obligations under the classification statutes ends on a juvenile's 21st birthday.

{¶ 30} The difficulty with that reading is that, by their plain terms, the classification statutes extend a juvenile court's authority over classification orders beyond a juvenile's 21st birthday. As outlined above, the periodic-review provision allows the juvenile to petition the juvenile court to reduce or remove his classification at the following times: three years after the completion-of-disposition hearing; three years after the first petition; and every five years after that. R.C. 2152.85(B). The statute permits the juvenile registrant to petition the court for review as long as the classification remains in effect, which may in some cases be the rest of the juvenile's life. *See* R.C. 2950.07(B)(1). Thus, the periodic-review provision necessarily grants the juvenile court the authority to issue classification orders beyond the juvenile's reaching the age of 21. If we were to apply R.B.'s interpretation of "child" to the jurisdictional statute, we would be forced to conclude that the plain language of the classification statutes notwithstanding, a

juvenile loses his ability to have a classification removed as soon as he becomes an adult.

{¶ 31} Thus, the language in R.C. 2152.02(C)(6) stating that a person who has been adjudicated delinquent "shall be deemed a 'child' until the person attains twenty-one years of age" cannot control the meaning of the word "child" as it is used in R.C. 2151.23(A)(15). We think the better reading comes from looking at how the word is used in conjunction with the surrounding text. The statute grants the juvenile court jurisdiction to conduct the hearings and issue the orders permitted by the classification statutes "regarding a child who has been adjudicated a delinquent child." R.C. 2151.23(A)(15). The use of the words "has been" suggests a juvenile registrant need not still be a "child" for the court to have jurisdiction to review his classification but rather that the court has continuing jurisdiction to review the classifications of juvenile offenders who *have been* adjudicated delinquent.

{¶ 32} We therefore conclude that R.C. 2151.23(A)(15) vests the juvenile court with jurisdiction to carry out its requirements under the classification statutes, independent of whether the "delinquent child" has reached the age of 21.

{¶ 33} This court's holding in *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, does not compel a contrary result. That case dealt with the juvenile court's imposition of an initial classification order pursuant to R.C. 2152.83. As noted above, that provision requires the court to impose the initial classification either as part of the dispositional order or at the time of the juvenile's release from a secured facility. This court concluded that the juvenile court lacked statutory authority to impose the initial classification order after it had terminated the juvenile's disposition and after the juvenile had reached the age of 21. *Id*. at ¶ 28.

{¶ 34} In this case, the juvenile court had issued its initial classification under R.C. 2152.83 prior to R.B.'s 21st birthday and that classification remained in

effect for the duration of R.B.'s registration period. *See* R.C. 2152.83(E) (the initial classification order "shall remain in effect for the period of time specified in section 2950.07 of the Revised Code"). Thus, the imposition of the initial classification order in this case triggered the statutory-review process outlined in the classification statutes, and the juvenile court retained jurisdiction to review R.B.'s classification pursuant to R.C. 2151.23(A)(15).

### IV. The timing requirements of R.C. 2152.84 are not jurisdictional

*A. The meaning of "upon completion of the disposition"*

{¶ 35} The First District determined that R.B.'s disposition, by its own terms, ended at the same time he turned 21.[1] 2019-Ohio-3298 at ¶ 14. It concluded:

> Because the trial court did not complete the statutorily-required process for classifying R.B. prior to the completion of his disposition upon his turning 21, it had no jurisdiction to classify him as a Tier I offender. The initial classification order is not revived or still in effect, and therefore, there is no order in place requiring R.B. to register as a sex offender.

*Id*. Thus, the court of appeals read the language "upon completion" in the statute as requiring the hearing to occur *prior to* the completion of the disposition.

{¶ 36} R.B. contends that "upon completion" means the hearing must be held on the very day that the juvenile's disposition ends—no earlier and no later. We find this to be an excessively technical reading of the word "upon." Indeed, taken to its logical conclusion, such an interpretation would mean that if the

---

1. In his cross-appeal, R.B. raised a proposition of law in which he argued that the dispositional order of nonreporting probation with monitored time was not validly imposed. We declined to accept that proposition and therefore, for the purposes of answering the jurisdictional question, we assume without deciding that the First District was correct in holding that R.B. was under a valid disposition.

disposition ends upon the juvenile's reaching the age of 21, the juvenile court would be foreclosed from holding the completion-of-disposition hearing altogether: under R.B.'s view, the court can't hold it before the disposition is complete, but it loses jurisdiction to hold it as soon as R.B. turns 21.

{¶ 37} Moreover, R.C. 2152.84 not only provides that the hearing be held "upon completion of the disposition," R.C. 2152.84(A)(1), but also that the judge's classification order be issued "upon completion of [the] hearing," R.C. 2152.84(A)(2). Reading "upon" in the manner suggested by R.B. would require that the hearing be conducted on the day that the disposition ends and that the court issue its decision regarding the juvenile's classification immediately after the hearing is complete, without any time to consider and review the evidence presented. In some jurisdictions, as in this case, the completion-of-disposition hearing and classification orders are issued by magistrate judges and then adopted or rejected by juvenile-court judges. It follows that under R.B.'s view, the magistrate would have to hold a hearing and issue its classification order, the parties would have to file objections, and the juvenile-court judge would have to rule on those objections and issue its own decision—all in the course of a single day.

{¶ 38} Instead, we find that the phrase "upon completion" is given meaning by the surrounding language. R.C. 2152.84(A)(1) states that "upon completion of the disposition," the judge "shall conduct a hearing to review the effectiveness of the disposition and of any treatment provided for the child * * *." That the juvenile court is directed to review the effectiveness of the disposition and treatment suggests that the hearing may be held after the disposition and treatment have been completed.

{¶ 39} Thus, we do not read the phrase "upon completion" to limit the juvenile court's ability to conduct a completion-of-disposition hearing to a single day. The lack of more specific language lends itself to a reading that the juvenile court is directed to conduct the completion-of-disposition hearing within a

reasonable proximity—either before or after—the date the disposition is scheduled to end.

*B.  The timing requirement of R.C. 2152.84 is not jurisdictional*

{¶ 40} R.B.'s argument fails for another reason: the requirement that the hearing be held "upon completion of the disposition" is not jurisdictional.  The question whether the timing requirement is jurisdictional goes to the juvenile court's subject-matter jurisdiction—its power to hear the case.  *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 34.  As we have already explained, R.C. 2151.23(A)(15) grants the juvenile court "exclusive original jurisdiction * * * [t]o conduct the hearings, and to make the determinations, adjudications, and orders authorized or required" under the classification statutes.

{¶ 41} R.B. focuses on the word "shall" in R.C. 2152.84(A)(1) ("upon completion of the disposition * * * the judge * * * shall conduct a hearing").  He contends that the timing requirements "must be read as mandatory and therefore jurisdictional."

{¶ 42} But not all mandatory provisions are jurisdictional in nature.  *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 31; *State v. Martin*, 154 Ohio St.3d 513, 2018-Ohio-3226, 116 N.E.3d 127, ¶ 27.  We see no language in R.C. 2152.84 indicating that a failure to comply with this timing requirement divests the juvenile court of jurisdiction to hold the hearing altogether.  Nor does the statute specify a remedy for a court's failure to adhere to the timing requirement.  In the absence of language clearly stating that the failure to comply with the timing provision creates a jurisdictional barrier, this court will be reluctant to find one.  *See May* at ¶ 24, citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-516, 126 S.Ct. 1235, 163 L.E.2d 1097 (2006); *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980).

{¶ 43} This does not mean that the juvenile court may conduct the completion-of-disposition hearing any time it wants as long as the registration order

14

remains in effect. That would render the language "upon completion of the disposition" meaningless. (Indeed, the failure to hold a hearing within a reasonable time could affect the ability of the juvenile to seek further review of his classification pursuant to R.C. 2152.85, as the time for review under that section begins from the order following the completion-of-disposition hearing. R.C. 2152.85(B)(1).) If the juvenile court fails to conduct the mandatory R.C. 2152.84 completion-of-disposition hearing, the juvenile could file an action in procedendo to compel the court to hold the hearing. *See In re Davis*, 84 Ohio St.3d 520, 523, 705 N.E.2d 1219 (1999). Additionally, a juvenile may still object to noncompliance with the timing requirements for holding the hearing, that issue may be reviewed on direct appeal, and the court of appeals may determine an appropriate remedy for an untimely hearing. *See May* at ¶ 31.

{¶ 44} But the question in this case is whether the juvenile court loses jurisdiction to hold the hearing based on an alleged failure to comply with a statutory timing requirement. We conclude that it does not.

*C. The effect of the completion-of-disposition hearing on the initial classification order*

{¶ 45} The First District held that because the juvenile court did not hold the completion-of-disposition hearing before R.B.'s disposition ended, R.B. was no longer under a valid classification order. 2019-Ohio-3298 at ¶ 14. The state contends that the initial classification order remained in effect pursuant to R.C. 2152.83(E) (the initial classification order "shall remain in effect for the period of time specified in section 2950.07 of the Revised Code, subject to a modification or termination of the order under section 2152.84 of the Revised Code").

{¶ 46} R.B. insists that the failure of a juvenile court to hold the R.C. 2152.84 completion-of-disposition hearing within a certain timeframe invalidates the initial classification order. He contends that under R.C. 2152.83(E), the initial classification order is "subject to" the provisions of R.C. 2152.84. Thus, in his

view, if the completion-of-disposition hearing is not held within the timeframe required by R.C. 2152.84, then the initial classification order ceases to have any effect.

{¶ 47} The plain language of R.C. 2152.83(E) belies that conclusion. That provision says that the initial classification order is *subject to modification or termination* under R.C. 2152.84. Rather than suggest that the court's failure to comply with the procedural requirements for the completion-of-disposition hearing voids the initial classification order, R.C. 2152.83(E) is explicit that the initial classification order remains in effect for the entire registration period unless it is modified or terminated.

### V. We decline to reach R.B.'s due-process argument

{¶ 48} R.B. raised an assignment of error in the court of appeals contending that his due-process rights were violated as a result of the amount of time that passed between the date that he completed his treatment and the completion-of-disposition hearing. As noted above, the First District determined that this question was moot as a result of its conclusion that the juvenile court lacked jurisdiction to issue the order continuing R.B.'s classification. R.B. conceded this point in his brief in support of jurisdiction. Because there is no judgment below for us to review on the due-process question, we dismiss this proposition as having been improvidently allowed.

### VI. Conclusion

{¶ 49} R.C. 2151.23(A)(15) grants the juvenile court jurisdiction to review classifications, hold hearings, and issue orders authorized under the classification statutes, and this jurisdiction necessarily extends beyond the juvenile's having reached the age of 21. While the failure of the juvenile court to hold the R.C. 2152.84 hearing in a timely manner may support other claims for relief, we conclude that the statutory directive that the hearing be held "upon completion of the disposition" is not a jurisdictional requirement. We therefore reverse the

judgment of the court of appeals and remand the cause for that court to consider the assignments of error it previously deemed moot.

Judgment reversed<br>and cause remanded.

KENNEDY, FRENCH, GALLAGHER, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

EILEEN A. GALLAGHER, J., of the Eighth District Court of Appeals, sitting for FISCHER, J.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula Adams, Assistant Prosecuting Attorney, for appellant and cross-appellee.

Raymond T. Faller, Hamilton County Public Defender, and Julie Kahrs Nessler, Assistant Public Defender, for appellee and cross-appellant.

Timothy Young, Ohio Public Defender, and Brooke M. Burns, Assistant Public Defender, urging affirmance for amici curiae Office of the Ohio Public Defender, Children's Law Center, Justice for Children, Juvenile Law Center, National Juvenile Defender Center, and Professor Catherine Carpenter.

Michael C. O'Malley, Cuyahoga County Prosecutor, and Daniel T. Van, Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

_____