[Cite as *In re B.W.*, 2025-Ohio-469.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: B.W.                    :         APPEAL NO.   C-240163
                                        TRIAL NO.     22/1857-03 X

                                                :

                                                :

                                                :           *O P I N I O N*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 14, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Jon Vogt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, for Defendant-Appellant B.W.

**ZAYAS, Presiding Judge.**

**{¶1}** B.W. has appealed from the judgment of the Hamilton County Juvenile Court classifying him as a Tier I juvenile-offender registrant, arguing that his mandatory classification as a juvenile sexual-offender registrant under R.C. 2152.83(A) violated his rights to procedural due process and fundamental fairness. We hold that it did not, and we affirm the judgment of the juvenile court.

## I.    *Factual and Procedural History*

**{¶2}** On June 6, 2022, complaints were filed in the Hamilton County Juvenile Court alleging that B.W. had committed acts that, had they been committed by an adult, would have constituted two counts of rape, three counts of sexual battery, and two counts of gross sexual imposition. B.W. admitted to and was adjudicated delinquent of one count of gross sexual imposition, a third-degree felony if committed by an adult. The other counts were ultimately dismissed.

**{¶3}** On February 15, 2024, B.W. appeared before a juvenile court judge for disposition. At the time of the dispositional hearing, B.W. was 19 years old. The juvenile court determined that B.W. had been 16 years old at the time of the offense, and therefore, the court was required to conduct a sex-offender-classification hearing and include a tier classification in the dispositional order in accordance with R.C. 2152.83(A). B.W.'s counsel made an oral motion requesting that the court find R.C. 2152.83(A) unconstitutional as a violation of B.W.'s right to due process. The court classified B.W. as a Tier I juvenile-offender registrant, the lowest tier. B.W. has appealed.

## II.    *Analysis*

**{¶4}** Under Ohio's version of the Adam Walsh Act ("AWA"), a 16- or 17-year-old juvenile who commits a sexual offense is entitled to two classification hearings.

The initial classification hearing is held pursuant to R.C. 2152.83(A). At that hearing, the juvenile court is required to classify the juvenile in one of three tiers as a juvenile-offender registrant. But the court has discretion as to the tier in which to place the juvenile. In this case, B.W., who was 16 years old at the time of his offense, was classified as a Tier I juvenile-offender registrant, the lowest tier.

{¶5} The juvenile is also entitled to a hearing at the completion of his disposition pursuant to R.C. 2152.84(A). At the completion-of-disposition hearing, the juvenile court reviews the effectiveness of the disposition and any treatment provided to the juvenile, and determines the risk that the juvenile might reoffend and whether the classification should be continued, terminated, or modified. But because it is mandatory to place a 16- or 17-year-old sexual offender in a tier, if the juvenile was placed in Tier I, the lowest tier, the juvenile court could do nothing at the completion-of-disposition hearing but continue the Tier I classification. In *In re D.R.*, 2022-Ohio-4493, the Supreme Court of Ohio declared R.C. 2152.84(A)(2)(b) unconstitutional as applied to a mandatory juvenile-offender registrant placed in Tier I at the initial classification hearing, because the juvenile court had no discretion to make its own determination at the completion-of-disposition hearing as to whether the continuation of the classification into adulthood was necessary or warranted.

{¶6} B.W. has not yet had his completion-of-disposition hearing. This appeal involves only his initial classification hearing.

### A. Assignment of Error

{¶7} B.W.'s sole assignment of error states, "The mandatory initial classification under R.C. 2152.83(A) violated B.W.'s right to procedural due process and fundamental fairness in light of the rational[e] in *In re D.R.*, 2022-Ohio-4493."

### 1. Waiver

**{¶8}** Before determining the merits of B.W.'s constitutional challenge, we address the State's argument, under *United States v. Stanley*, 733 Fed.Appx. 604, 606 (3d Cir. 2018), that B.W. waived his challenge to the tier classification by admitting to the offense after the juvenile court specifically informed him that he would be subject to a mandatory sex-offender classification. The record shows that B.W. proceeded with his plea of admit after being apprised of the mandatory classification he faced.

**{¶9}** In *Stanley*, the Third Circuit held that Stanley had waived his right to challenge the federal sex-offender-registration and notification requirements ("SORNA") where he had entered into a plea agreement that clearly stated the necessity of complying with SORNA's registration requirements. Stanley had pleaded guilty, in a plea agreement, to four counts related to transporting individuals in interstate commerce to engage in prostitution. According to the terms of the plea agreement, and a presentence-investigation report that recommended, as a special condition of supervised release, that he comply with SORNA, the court conditioned Stanley's release on his compliance with SORNA. At sentencing, Stanley objected to the registration requirements, arguing that his conduct did not meet SORNA's definition of a "sex offense." The Third Circuit held that because Stanley entered into a plea agreement in which he had agreed to comply with SORNA, he could not "discard the obligation he voluntarily accepted."

**{¶10}** *Stanley* is distinguishable from B.W.'s case. Stanley's release and plea deal were clearly based on his agreement to comply with SORNA. In this case, B.W.'s plea of admit was not conditioned on his compliance with the registration requirements. We hold that B.W. has not waived his right to challenge the constitutionality of his tier classification.

4

### 2. Constitutionality of R.C. 2152.83(A)

### B.W.'s Argument

{¶11} B.W. argues that because R.C. 2152.83(A) mandated that he be classified in a tier at his initial classification hearing, he was denied a meaningful classification hearing where the juvenile court could make an individualized determination about his disposition at a critical stage of the proceedings, in violation of his rights to due process and fundamental fairness. B.W. argues that the holdings of the Ohio Supreme Court in *In re R.B.*, 2020-Ohio-5476, and *In re D.R.*, 2022-Ohio-4493, when read together, mean that an initial classification could extend into adulthood for mandatory juvenile-offender registrants despite the juvenile court being precluded from exercising its discretion at the initial classification hearing as to whether a tier classification should be imposed. Since the juvenile court is precluded from exercising its discretion at this critical time in the proceedings, B.W. argues, the mandatory classification at the initial hearing violated B.W.'s right to procedural due process, i.e., fundamental fairness.

{¶12} In *In re R.B.*, which involved a discretionary classification under R.C. 2152.83, the Supreme Court held that the completion-of-disposition hearing could be held within a reasonable time after the juvenile's disposition had ended because, under R.C. 2151.23(A)(15), the juvenile court had jurisdiction to review a juvenile's sex-offender classification after the juvenile had turned 21. In so holding, the Court pointed out that R.C. 2152.83(E) provides that the initial classification order "shall remain in effect for the period of time specified in section 2950.07 of the Revised Code, subject to a modification or termination of the order under section 2152.84 of the Revised Code."

{¶13} In *In re D.R.*, the Supreme Court held that because R.C. 2152.84, which

5

governs the completion-of-disposition hearing, did not allow the juvenile court to exercise its discretion and make its own determination as to whether to extend the mandatory juvenile registrant's Tier I classification into adulthood, the statute was fundamentally unfair and violated procedural due process as applied to a juvenile sexual-offender registrant who had been placed in the lowest tier, Tier I, at the initial classification hearing. The Court remanded the cause to the juvenile court to hold a new completion-of-disposition hearing at which the juvenile court could terminate the Tier I classification. This applied only to those mandatory juvenile registrants classified as Tier I at the initial classification hearing.

**{¶14}** We note that in *In re D.S.*, 2016-Ohio 1027, *reconsideration denied*, 2016-Ohio-3028, which involved a 14-year-old discretionary registrant, the Supreme Court held that the imposition of juvenile-offender-registrant status under R.C. 2152.82 or 2152.83 with corresponding registration and notification requirements that continue beyond the offender's reaching age 18 or 21 does not violate the offender's due-process rights. The Court held that the statutes provided sufficient procedural protections to satisfy the due-process requirement of fundamental fairness and, given the allowance for periodic review and modification, the statutory scheme was consistent with the rehabilitative purpose of the juvenile system.

**{¶15}** B.W. acknowledges *In re D.S.*, but argues that the Supreme Court's more recent holdings in *In re R.B.* and *In re D.R.* should be read together to hold that the mandatory classification at his initial hearing is unconstitutional, because his initial classification as a Tier I juvenile-offender registrant could extend into his adulthood despite the juvenile court being precluded from exercising its discretion at the initial classification hearing, a critical time in the proceedings, which violates his right to procedural due process.

6

### *The State's Argument*

**{¶16}** The State points out, citing *In re D.S.* at paragraph three of the syllabus, that the imposition of juvenile-offender-registration status that extends into adulthood does not violate the juvenile's right to procedural due process.

**{¶17}** The State argues that the rationale in *In re D.R.*, 2022-Ohio-4493, cannot be extended to the initial classification hearing, because the statutes governing the two hearings are distinguishable. *In re D.R.* involved the completion-of-disposition hearing for a juvenile who had been classified as a Tier I offender at the initial classification hearing. At the completion-of-disposition hearing for a Tier I offender, which the juvenile court was required to hold, the juvenile court could do nothing but continue the Tier I classification into adulthood. The court had no authority to exercise any discretion with regard to the Tier I classification. The Supreme Court held that this lack of discretion violated the juvenile's procedural-due-process rights. The Court remanded the cause to the juvenile court to hold a hearing at which the court could exercise its discretion to terminate the Tier I classification.

**{¶18}** The State argues that the *In re D.R.* rationale cannot be applied to the initial classification at issue in this case. Although at the initial classification hearing the juvenile court is required to classify a 16-year-old sexual offender into a tier, the court has discretion as to the tier in which to place the juvenile. The Supreme Court noted in *In re D.R.* at ¶ 28, "that the discretion employed by a juvenile court at the initial classification hearing serves a different purpose from the discretion employed at the completion-of-disposition hearing." The Court noted the differences in the purposes of the two hearings. In the initial classification hearing, the juvenile court is exercising its discretion to determine in which tier to place the juvenile. The completion-of-disposition hearing has a different purpose. *Id.* The purpose of the

completion-of-disposition hearing is to "review the effectiveness of the disposition and any treatment." *Id.* The review is based on the individualized risk assessment of the juvenile's likelihood of reoffending and the effectiveness of the treatment. *Id.* All judicial discretion had been eliminated from the completion-of-disposition review for a mandatory juvenile registrant who had been classified as a Tier I offender in the initial hearing. The Supreme Court held that in order to comply with due-process protections, an individualized determination was necessary for registration to continue into adulthood. *Id.* at ¶ 29-30. This analysis, the State argues, simply does not apply to the initial classification hearing. And, the State points out, based on the Supreme Court's decision in *In re D.R.*, the juvenile court has the discretion to eliminate B.W.'s tier classification at his completion-of-disposition hearing. This, the State argues, is fundamentally fair and comports with due process.

### R.C. 2152.83(A) is not Unconstitutional

{¶19} In *In re D.R.*, in holding R.C. 2152.84(A)(2)(b), the completion-of-disposition statute, unconstitutional as applied to a mandatory juvenile-offender registrant who had been classified as a Tier I offender at the initial classification hearing, the Supreme Court noted that under R.C. 2152.84(A)(2)(b), the juvenile court had to continue the Tier I classification at the completion-of-disposition hearing no matter how effective the juvenile's treatment was or how low the risk of his reoffending. *Id.* at ¶ 14. The Court pointed out that the Tier I classification would follow the juvenile into adulthood without the individual assessment and treatment that "is a key element in our juvenile-justice system." *Id.* at ¶ 5. The lack of discretion at the completion-of-disposition hearing rendered the statute unconstitutional as applied to those mandatory juvenile-offender registrants who had been classified as Tier I offenders.

8

{¶20} The Supreme Court pointed out in *In re D.R.*, 2022-Ohio-4493, that the discretion employed by the juvenile court at the initial classification hearing, which is at issue in this case, serves a different purpose than the discretion employed at the completion-of-disposition hearing at issue in *In re D.R.*  *Id.* at ¶ 28.  Although the juvenile court is required to place a 16-year-old offender such as B.W. in a tier, the court exercises its discretion as to the tier in which the juvenile is placed. So, the court does exercise some discretion at the initial classification hearing.  The court exercised its discretion in this case by placing B.W. in the lowest tier, Tier I.

{¶21} The *In re D.R.* Court noted that the completion-of-disposition hearing has a different purpose than the initial classification hearing.  The completion-of-disposition hearing focuses on the "effectiveness of the disposition and any treatment."  *Id.* at ¶ 28-30.  It assesses the individualized risk that the offender will reoffend and whether his treatment has been effective.  *Id.*  Because R.C. 2152.84(A)(2)(b) eliminated all judicial discretion and rendered any review of the effectiveness of the treatment or risk of reoffending meaningless, it violated D.R.'s right to due process.  The Court concluded that an individualized determination was necessary at the completion-of-disposition hearing for registration to continue into adulthood for 16-year-old mandatory registrants.

{¶22} The same is not true of the initial classification hearing.  The juvenile court has discretion as to the tier in which to place the juvenile.  So not all judicial discretion is eliminated from the initial classification hearing.  Further, pursuant to the Supreme Court's decision in *In re D.R.*, the juvenile court is free to exercise its discretion at B.W.'s completion-of-disposition hearing to eliminate his Tier I classification.  Therefore, the concerns expressed by the Supreme Court about a penalty carrying forward into adulthood without an individualized assessment as to

whether that penalty is necessary and appropriate does not exist in this case to the same degree that it did in *In re D.R.* The analysis applied in *In re D.R.* to hold the completion-of-disposition statute, R.C. 2152.84(A)(2)(b), unconstitutional as applied to those mandatory juvenile-offender registrants who had been classified into Tier I at the initial classification hearing does not apply in the same way to the classification of those same registrants at the initial classification hearing.

{¶23} Even though B.W.'s initial classification as a Tier I juvenile-offender registrant will extend into adulthood as he was 19 at the time of his initial classification, B.W. is entitled to a completion-of-disposition hearing where the juvenile court must make an individualized determination as to the effectiveness of B.W.'s disposition and his likelihood to reoffend. The juvenile court can exercise its discretion at B.W.'s completion-of-disposition hearing to eliminate B.W.'s Tier I classification. Since the juvenile court can exercise its discretion at B.W.'s completion-of-disposition hearing and make its own determination as to whether his Tier I classification should be continued, the concerns expressed by the Supreme Court in *In re D.R.* do not apply in this case.

{¶24} We hold that R.C. 2152.83(A), the initial-classification-hearing statute, does not violate B.W.'s right to procedural due process. The assignment of error is overruled.

### III.    Conclusion

{¶25} Having overruled B.W.'s sole assignment of error, we affirm the judgment of the juvenile court.

Judgment affirmed.

**CROUSE** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.