**[Cite as *In re T.S.*, 2021-Ohio-638.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

IN RE:

     T.S.,

**CASE NO.  14-20-08**

**ADJUDICATED DELINQUENT CHILD**        **O P I N I O N**
**AND SERIOUS YOUTHFUL OFFENDER.**

IN RE:

     T.S.,

**CASE NO.  14-20-09**

**ADJUDICATED DELINQUENT CHILD**        **O P I N I O N**
**AND SERIOUS YOUTHFUL OFFENDER.**

IN RE:

     T.S.,

**CASE NO.  14-20-10**

**ADJUDICATED DELINQUENT CHILD**        **O P I N I O N**
**AND SERIOUS YOUTHFUL OFFENDER.**

IN RE:

     T.S.,

**CASE NO.  14-20-11**

**ADJUDICATED DELINQUENT CHILD**        **O P I N I O N**
**AND SERIOUS YOUTHFUL OFFENDER.**

---

**IN RE:**

CASE NO. 14-20-12

    **T.S.,**

**ADJUDICATED DELINQUENT CHILD**      **O P I N I O N**
**AND SERIOUS YOUTHFUL OFFENDER.**

---

**IN RE:**

CASE NO. 14-20-13

    **T.S.,**

**ADJUDICATED DELINQUENT CHILD**      **O P I N I O N**
**AND SERIOUS YOUTHFUL OFFENDER.**

---

**Appeals from Union County Common Pleas Court**
**Juvenile Division**
**Trial Court Nos. 21620183, 21620184, 21720059, 21720060,**
**21720106 and 21720306,**

**Judgments Affirmed**

**Date of Decision: March 8, 2021**

---

**APPEARANCES:**

    *Lauren Hammersmith and Brooke Burns* **for Appellant**

    *Melissa A. Chase* **for Appellee**

**SHAW. J,**

{¶1} Delinquent child, T.S., appeals the June 16, 2020 judgments of the Union County Court of Common Pleas, Juvenile Division, granting the prosecution's motion to invoke the adult portion of T.S.'s dispositional sentence, terminating the juvenile portion of his disposition, and classifying T.S. as a tier III sex offender.

*Procedural History*

{¶2} This case arises out of six delinquency complaints filed against T.S. alleging that he committed the offense of rape. Five of these cases carried a Serious Youthful Offender ("SYO") specification along with various other charges. All six cases were consolidated for a change of plea hearing, which took place on January 16, 2018. At the hearing, T.S. entered an admission in all six cases to one count of rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree, and the trial court adjudicated him delinquent. The trial court held a dispositional hearing on January 25, 2018, and placed T.S. into the custody of the Ohio Department of Youth Services ("DYS") for a minimum of one year and a maximum not to exceed his 21st birthday. The trial court designated T.S. as a SYO in the five cases carrying the specification, and imposed a nine-year prison term in each case, to be served concurrently. This "adult portion" of T.S.'s sentence was stayed pending his

compliance with the juvenile portion of his disposition, which included sex offender treatment while in the custody of DYS.

{¶3} On April 16, 2020, the prosecution filed a "Motion to Invoke the Adult Portion of the Sentence Pursuant to R.C. 2152.14," arguing that T.S. had met the criteria set forth in R.C. 2152.14(A)(1)(a)-(c), and that T.S. had engaged in conduct that creates a substantial risk to the safety or security of the institution, the community, or the victim under R.C. 2151.14(A)(2)(b). Specifically, the prosecution noted that T.S. had failed to complete his sex offender treatment despite two years of being engaged in the program. In addition to his lack of progress with the sex offender treatment program, T.S. maintained a lack empathy for his victims, struggled to identify when he is in an offense cycle, and continued to engage in inappropriate behavior with a female volunteer and a stepmother of another youth in the custody of the DYS facility. The prosecution requested that the court set the matter for a hearing prior to T.S.'s 21st birthday in June 2020.

{¶4} On June 12, 2020, the trial court held hearing on the prosecution's motion to invoke the adult portion of T.S.'s sentence, where the trial court heard testimony from several witnesses familiar with T.S.'s lack of progress with sex offender treatment, as well as his infractions and behavioral concerns while in the custody of DYS. Upon the conclusion of the evidence, the trial court found that the prosecution had met its burden, ordered the adult portion of T.S.'s sentence to be

imposed, and terminated the juvenile portion of his disposition. The trial court then conducted a juvenile-offender registrant hearing and designated T.S. as a tier III sex offender. The trial court journalized the invocation of T.S.'s adult sentence and termination of the juvenile portion of his disposition along with T.S.'s sex offender classification in its June 16, 2020 Judgment Entries.

{¶5} It is from these judgment entries that T.S. now appeals, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE JUVENILE COURT ERRED WHEN IT CLASSIFIED T.S. AS A PUBLIC REGISTRY QUALIFIED JUVENILE REGISTRANT (PRQJOR), PURSUANT TO R.C. 2152.86, IN VIOLATION OF *In re C.P.*, 131 OHIO ST.3d 513, 2012-OHIO-1446, 967 N.E.2d 729, ¶ 86.**

### ASSIGNMENT OF ERROR NO. 2

**T.S. WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEEN AMENDMENTS TO THE U.S. CONSTITUTION; AND ARTICLE I, SECTION 10, OHIO CONSTITUTION.**

*First Assignment of Error*

{¶6} In his first assignment of error, T.S. claims that the trial court erred by classifying him as a Public Registry Qualified Juvenile Offender Registrant ("PRQJOR") pursuant to R.C. 2152.86, which the Supreme Court of Ohio found to be unconstitutional in *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446. In *In re C.P.*, the Supreme Court held that an automatic lifetime registration for a new class

of juvenile sex-offender registrants, called PRQJORs, constituted cruel and unusual punishment under the federal and state Constitutions. Specifically, the Supreme Court found unconstitutional a provision of that statute that required an automatic imposition of tier III sex offender classification on a juvenile offender who receives an SYO dispositional sentence.

{¶7} For its part, the State argues that the trial court did not classify T.S. as a PRQJOR under R.C. 2152.86, which it concedes was held unconstitutional in *In re C.P.*, but rather the State contends the record clearly reflects that the trial court recognized the constitutional infirmity of R.C. 2152.86 and properly classified T.S. as a tier III sex offender under the procedure for juvenile-offender registrants set forth in R.C. 2151.83, which requires a trial court to conduct a tier-classification hearing to determine whether the juvenile offender should be classified as a sex offender, instead of imposing an automatic, lifetime classification as established under R.C. 2152.86. However, the State also acknowledges that the record indicates that the trial court inadvertently referred to T.S. as a PRQJOR at the classification hearing, despite its recognition of the holding in *C.P.*

*The Trial Court's Statements at the Classification Hearing*

{¶8} At the beginning of the hearing conducted by the trial court on the State's motion to invoke the adult portion of T.S.'s sentence, the trial court stated:

> **All right, so the matter before the Court are the motions—a Motion to Invoke the adult portion of the sentences imposed on**

> **January 25, 2018, and the five cases, the first five cases I announced and, also, before the Court is a hearing on the Court's decision to classify [T.S.] as a Juvenile Sex Offender Registrant, Tiers I through III, and that's the two cases—the two motions— hearings, I should say, are pursuant to 2152.14, the Motion to Invoke, and 2152.86, the classification proceedings or procedures, as well as, *In Re: CP*—the Supreme Court Case 131 Ohio St. 3d 513.**

(June 12, 2020 Hrg. at 6).

{¶9} The trial court conducted the invocation hearing allowing for the presentation of evidence in support of the State's motion and cross-examination by T.S.'s counsel. After finding the evidence supported granting the motion to invoke the adult portion of T.S.'s sentence, the trial court proceeded to the sex offender classification component of the hearing. The record reflects that the trial court handed T.S. a form entitled, "Explanation of Duties to Register as Juvenile Offender Registrant or Child Victim Offender Duties commencing on or after January 1, 2008 (ORC 2950.04 or 2950.041)," and explained to T.S. "[t]his is an explanation of your duties to register as a juvenile offender registrant." (June 12, 2020 Hrg. at 189).

{¶10} Even though the trial court correctly noted on the record that T.S. was being classified under R.C. 2152.83 as a tier III sex offender, the trial court marked a box on the form indicating that T.S. was also classified as a "Public Registry Qualified Juvenile Offender Registrant, subject to community notification provisions." (Doc. No. 157). Moreover, the trial court stated the following on the record:

> **You've been adjudicated a delinquent for committing a sexually oriented offense as defined by Ohio Revised Code Section 2950.01. And you are classified as a Tier III Sex Offender.**
>
> **The Court is, also, requiring that you be and finding that you are a public registry qualified juvenile offender registrant subject to community notification provisions.**

(June 12, 2020 Hrg. at 190). The trial court proceeded to address in detail each registration requirement for a PRQJOR at the hearing, by stating "[a]s a public registry qualified juvenile offender registrant, you are also required to…" on four separate occasions. (Id. at 192-94). The trial court then explained to T.S. that "[a]s a Tier III offender, you are required to comply with all of the above described requirements for the following period of time and frequency * * * for your lifetime with in person verification every 90 days." (Id. at 193).

{¶11} Notably, however, the trial court's June 16, 2020 Judgment Entries make no mention of T.S. being classified as a PRQJOR nor do they contain any citation to R.C. 2152.86. Rather, the trial court's Judgment Entries indicate that the classification hearing was conducted pursuant to the procedure established for juvenile-offender registrants in R.C. 2152.83, and ordered T.S. to "be classified as a Tier III Juvenile Sex Offender Registrant in accord with R.C. 2152.83 subject to victim and community notifications pursuant to R.C. 2950.10 and R.C. 2950.11." (Doc. No. 155 at 18).

*Discussion*

{¶12} On appeal, the State argues that a court speaks through its judgment entries, and the judgment entries properly classified T.S. under the appropriate statute. We agree. More importantly, it is the judgment entries in this case that serve as the sole guide and mechanism for the implementation and enforcement of the trial court's sentence, classification, and registration requirements as a tier III sex offender, and not the check box form or verbal comments of the court thereon at the hearing, which are clearly directional on their face to apprise T.S. of his registration requirements as a tier III sex offender. Nor incidentally, would any of the erroneous comments of the trial judge, however misplaced, come into play or become justiciable or prejudicial to T.S., until such time as a law enforcement entity would attempt to impose upon T.S. any of the inapplicable and unconstitutional registration requirements of a PRQJOR classification, which has not happened and is not likely to happen this case. In sum, everything T.S. and law enforcement needs to know about T.S.'s legitimate classification and registration requirements is clearly ascertainable from the judgment entries in this case and there is no indication T.S. has been or would be held to any other standard based solely on the superfluous check box and comments of the judge at the hearing.

{¶13} In the absence of any demonstrative prejudice to T.S.'s rights and responsibilities regarding his classification as a tier III sex offender based solely

upon the extraneous advisements of the judge at the hearing, and given that the record reflects that the judgment entries of the trial court fully complied with the procedure set forth in R.C. 2152.83, based upon the nature of the evidence presented in conjunction with the juvenile-offender registrant hearing, we find no merit in T.S.'s argument or in the suggestion that the classification itself must be vacated or remanded merely in order for the trial court to amend its comments made at the hearing.

{¶14} Accordingly, we overrule the first assignment of error.

*Second Assignment of Error*

{¶15} In his second assignment of error, T.S. argues that he received ineffective assistance when his trial counsel failed to object to the trial court's discussion of the PRQJOR classification at the hearing.

*Legal Standard*

{¶16} To prove an allegation of ineffective assistance of counsel, T.S. must satisfy a two-prong test. First, T.S. must establish that his trial counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second, T.S. must demonstrate that he was prejudiced by counsel's performance. *Strickland*, 466 U.S. at 687. To show that he has been prejudiced by counsel's deficient performance, T.S. must prove

that, but for counsel's errors, the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶17} The failure to make either the deficiency or prejudice showing defeats a claim of ineffective assistance of counsel. *State v. Frye*, 10th Dist. Franklin Nos. 14AP-988, 14AP-989, ¶ 11, citing *Strickland*, 466 U.S. at 697. Thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland* at 697.

{¶18} Given our resolution of the first assignment of error, we find that T.S. has failed to show that his trial counsel's performance fell below an objective standard of reasonable representation in order to constitute ineffective assistance of counsel. Accordingly, we conclude that T.S. has failed to substantiate his ineffective assistance of counsel claim and we overrule the second assignment of error.

{¶19} Based on the foregoing, the assignments of error are overruled and the judgments are affirmed.

***Judgments Affirmed***

**WILLAMOWSKI, P.J., concurs in Judgment Only.**
**ZIMMERMAN, J., concurs.**