**[Cite as *In re T.S.*, 2024-Ohio-4841.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# UNION COUNTY

IN RE:                                    CASE NO. 14-24-14

    T.S.,

ADJUDICATED DELINQUENT CHILD            O P I N I O N
AND SERIOUS YOUTHFUL OFFENDER.

IN RE:                                    CASE NO. 14-24-15

    T.S.,

ADJUDICATED DELINQUENT CHILD            O P I N I O N
AND SERIOUS YOUTHFUL OFFENDER.

IN RE:                                    CASE NO. 14-24-16

    T.S.,

ADJUDICATED DELINQUENT CHILD            O P I N I O N
AND SERIOUS YOUTHFUL OFFENDER.

IN RE:                                    CASE NO. 14-24-17

    T.S.,

ADJUDICATED DELINQUENT CHILD            O P I N I O N
AND SERIOUS YOUTHFUL OFFENDER.

**IN RE:**                                                    **CASE NO. 14-24-18**

    **T.S.,**

**ADJUDICATED DELINQUENT CHILD**       **O P I N I O N**
**AND SERIOUS YOUTHFUL OFFENDER.**

**Appeals from Union County Common Pleas Court**
**Juvenile Division**
**Trial Court Nos. 21620183, 21620184, 21720059, 21720060 and 21720106**

**Judgments Affirmed**

**Date of Decision:  October 7, 2024**

**APPEARANCES:**

    *Stephanie Kessler* **for Appellant**

    *Courtland A. Perry* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Petitioner-appellant, T.S., brings this appeal from the January 9, 2024 judgment entries of the Union County Court of Common Pleas, Juvenile Division, denying his petition for post-conviction relief.  For the reasons set forth below, we affirm.

**{¶2}** On June 16, 2020, the juvenile court invoked the adult portion of T.S.'s serious-youthful-offender ("SYO") sentence. The juvenile court also designated T.S. as a tier III sex offender.

**{¶3}** Two days later, on June 18, 2020, T.S. turned 21.

**{¶4}** On July 16, 2020, T.S. appealed the June 16, 2020 judgment entries of the juvenile court.[1] *See In re T.S.,* 2021-Ohio-638, ¶ 4 (3d Dist.). In that direct appeal, we affirmed the judgments of the trial court. *In re T.S.* at ¶ 19.

**{¶5}** On September 2, 2021, T.S. filed a petition for post-conviction relief under R.C. 2953.21. On January 9, 2024, the juvenile court dismissed T.S's petition for lack of jurisdiction because it was filed after T.S. had attained the age of 21.

**{¶6}** On February 8, 2024, T.S. filed a notice of appeal. T.S. raises five assignments of error for our review. We will address the assignments of error together.

### First Assignment of Error

**The trial court erred when it determined that it lacked jurisdiction to hear [T.S.]'s petition for post-conviction because the petition was filed after [T.S.] reached 21 years of age.**

### Second Assignment of Error

**The trial court erred when it concluded that relief under the terms of R.C. § 2953.21 is not available to [T.S.] to challenge the invocation of an SYO sentence.**

---

[1] In T.S.'s direct appeal, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here.

**Third Assignment of Error**

**The trial court's findings that [T.S.] is unable to pursue post-conviction relief renders the SYO statutory scheme unconstitutional as applied.**

**Fourth Assignment of Error**

**The trial court erred by denying [T.S.]'s post-conviction petition without conducting an evidentiary hearing as required by R.C. § 2953.21(D).**

**Fifth Assignment of Error**

**The trial court erred by failing to address [T.S.]'s second and third claims of error set forth in his post-conviction petition.**

{¶7} In his first assignment of error, T.S. argues that the trial court erred by dismissing his petition for post-conviction relief based on lack of subject matter jurisdiction. In his second assignment of error, T.S. argues that the trial court erred by concluding that post-conviction relief is not available to challenge the invocation of an SYO sentence. In his third assignment of error, T.S. argues that the SYO statutory scheme is unconstitutional as applied to him. Finally, in his fourth and fifth assignments of error, T.S. argues that the trial court erred by not conducting an evidentiary hearing prior to dismissing his petition for post-conviction relief and not addressing his constitutional claims raised therein.

*Standard of Review*

{¶8} "Subject-matter jurisdiction 'connotes the power to hear and decide a case upon its merits.'" *State v. Apanovitch*, 2018-Ohio-4744, ¶ 38, quoting

*Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. Whether a trial court has subject-matter jurisdiction to consider a petition for post-conviction relief is a question of law, which we review de novo. *Apanovitch* at ¶ 24.

*Analysis*

{¶9} "The general rule is that a juvenile court has jurisdiction over juveniles who have been adjudicated delinquent until they reach the age of 21." *In re R.B.*, 2020-Ohio-5476, ¶ 27. The plain language of R.C. 2152.02(C)(6) provides, in relevant part, that "[t]he juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age."

> This language is straightforward. It states that juvenile courts have jurisdiction over adjudicated delinquents until they are 21 years old. The obvious flip side of that statement is that juvenile courts do not have jurisdiction over adjudicated delinquents once they are 21 years old.

*In re J.V.*, 2012-Ohio-4961, ¶ 23 (concluding that the juvenile court lacked jurisdiction to impose post-release control after the adjudicated delinquent had turned 21).

{¶10} In this case, T.S. was adjudicated delinquent on January 16, 2018. *See In re T.S.,* 2021-Ohio-638, at ¶ 2 (3d Dist.). Thus, the juvenile court had jurisdiction over T.S. until he turned 21. *See* R.C. 2152.02(C)(6). Even though T.S. turned 21

on June 18, 2020, he filed a petition for post-conviction relief in the juvenile court on September 2, 2021—more than one year after attaining the age of 21.

**{¶11}** Importantly, this case is analogous to *In re D.J.*, 2023-Ohio-3523, ¶ 5 (9th Dist.), wherein an adjudicated delinquent filed a petition for post-conviction relief in the juvenile court more than one year after attaining the age of 21. In *In re D.J.*, the Ninth District recognized

> When delinquency proceedings have concluded and no independent statutory authority exists for a juvenile court's continued exercise of jurisdiction, the [Ohio] Supreme Court has repeatedly found that juvenile courts lose jurisdiction once an adjudicated delinquent turns twenty-one.

*Id.* at ¶ 13, citing *In re A.W.*, 2020-Ohio-1457, ¶ 8 (concluding that the juvenile court lacked subject matter jurisdiction to invoke the adult portion of the SYO sentence because the adjudicated delinquent had turned 21); *State ex rel. Jean-Baptiste v. Kirsch*, 2012-Ohio-5697, ¶ 32 (holding that the juvenile court lacked jurisdiction to conduct an initial juvenile-offender-registration hearing after the juvenile had fully satisfied the court's delinquency adjudication and had turned 21).

**{¶12}** The Ninth District further noted that "[w]hile the post-conviction relief statute allows a person adjudicated delinquent to seek post-conviction relief, it does not alter the subject matter jurisdiction of the juvenile court." *In re D.J.* at ¶ 14. *See* R.C. 2953.21(A)(1)(a) (2017) (current version at R.C. 2953.21(A)(1)(a)(i) (2021)). "Nor does R.C. 2151.23 expressly grant the juvenile court exclusive original jurisdiction to conduct post-conviction proceedings." *In re D.J.* at ¶ 14.

> Absent a legislative amendment to the statutes governing the jurisdiction of the juvenile court or the post-conviction relief statute, we have no choice but to conclude that the juvenile court lacked jurisdiction to consider D.J.'s petition for post-conviction relief.

*Id.* at ¶ 15.

{**¶13**} This logic is sound and we agree with the Ninth District. Only the General Assembly can expand the jurisdiction of the juvenile court to conduct post-conviction proceedings after an adjudicated delinquent attains the age of 21. Therefore, we conclude that the juvenile court lacked jurisdiction to consider T.S.'s petition for post-conviction relief since the petition was filed after T.S. had attained the age of 21 and its dismissal of T.S.'s petition was correct.

{**¶14**} T.S.'s first assignment of error is overruled.

{**¶15**} Based on our disposition of T.S.'s first assignment of error, his remaining assignments of error are moot. *See* App.R. 12(A)(1)(c). Consequently, we decline to address them.

{**¶16**} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/hls**