[Cite as *State v. Tayse*, 2013-Ohio-5801.]

STATE OF OHIO       )               IN THE COURT OF APPEALS
                       )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| STATE OF OHIO | C.A. No. 27050 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES TAYSE aka JIMMY LEE TAYSE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 07 04 1285 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2013

CARR, Judge.

{¶1} Appellant, James Tayse, appeals the judgment of the Summit County Court of Common Pleas denying his petition for post-conviction relief. This Court affirms.

I.

{¶2} In 2007, Tayse was convicted of a litany of offenses including rape, kidnapping, felonious assault, and aggravated robbery, along with multiple sexually violent predator and repeat violent offender specifications. Tayse filed a direct appeal to this Court and raised three assignments of error. On March 18, 2009, this Court affirmed all but one of Tayse's convictions. *State v. Tayse*, 9th Dist. Summit No. 23978, 2009-Ohio-1209.

{¶3} After his convictions were affirmed by this Court, Tayse filed numerous motions in the trial court challenging his convictions, including a motion to dismiss on the basis of newly discovered evidence filed on March 16, 2011, and a second motion to dismiss on the basis of

newly discovered evidence on August 11, 2011. All of these motions were denied by the trial court.

{¶4} On July 29, 2013, Tayse filed a petition to vacate or set aside sentence, and requested a hearing on his petition. The State filed a response in opposition to the petition. On August 7, 2013, the trial court issued a journal entry denying the petition.

{¶5} On appeal, Tayse raises four assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THE PETITION UNTIMELY.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THAT APPELLANT'S CLAIMS WERE BARRED BY THE DOCTRINE OF RES JUDICATA.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT A[N] EVIDENTIARY HEARING.

{¶6} In his four assignments of error, Tayse argues that the trial court abused its discretion in denying his petition for post-conviction relief. This Court disagrees.

{¶7} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. *See* App.R. 3(A) and 4(A). A trial court is not permitted

to entertain a petition that is filed after the timeframe unless the conditions of R.C. 2953.23(A)(1) or (A)(2) are met. *State v. Hoffmeyer*, 9th Dist. Summit No. 25477, 2011-Ohio-1046, ¶ 7; R.C. 2953.23(A). Specifically, R.C. 2953.23(A) states:

> Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
>
> (2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

**{¶8}** In support of his petition, Tayse argued that the trial court erred by failing to dismiss for improper venue, that the State withheld exculpatory evidence, and that he was not afforded counsel at his 2007 arraignment. Tayse did not, however, address why he had not raised the issues in his petition at an earlier time, nor did he demonstrate that he was unavoidably

prevented from discovering the facts pertinent to his claims. While Tayse purportedly attached an affidavit of a potential witness to his petition, he did not explain how he had been unavoidably prevented from discovering that information until the time he filed his petition on July 29, 2013.

{¶9} Under these circumstances, we agree with the trial court to the extent that it concluded that the petition was untimely. Tayse's petition was filed more than five years after his conviction, well outside the 180-day window outlined in R.C. 2953.21(A)(2). In his petition, Tayse neither demonstrated that he was unavoidably prevented from discovering the facts upon which he must rely to present his claim, nor did he claim a new retroactive right that has been recognized by the United States Supreme Court. *See* R.C. 2953.23(A)(1). As Tayse failed to comply with the requirements set forth in R.C. 2953.23(A), the trial court was without authority to entertain the merits his petition.

{¶10} Tayse's assignments of error are overruled.

III.

{¶11} Tayse's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES TAYSE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.