[Cite as *State v. Tayse*, 2017-Ohio-2837.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                        )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                    C.A. No.     28277

     Appellee

     v.                            APPEAL FROM JUDGMENT
                                   ENTERED IN THE
JIMMY TAYSE                    COURT OF COMMON PLEAS
                                   COUNTY OF SUMMIT, OHIO
     Appellant                CASE No.    CR 07 04 1285

DECISION AND JOURNAL ENTRY

Dated: May 17, 2017

CARR, Judge.

{¶1} Appellant, Jimmy Tayse, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2007, Tayse was convicted of numerous felony offenses in the Summit County Court of Common Pleas. The horrific circumstances which gave rise to Tayse's convictions commenced when he climbed into the backseat of an SUV in the parking lot of a grocery store in Pennsylvania and put a knife to a baby's neck. Tayse demanded that the mother of the baby, who was the driver of the SUV, drive him out of town. Tayse forced the mother to drive him to several locations in Northeast Ohio. Tayse was eventually apprehended, but not before he raped the mother multiple times, committed numerous additional offenses, and was involved in a dangerous car chase with police. Tayse was convicted of fourteen offenses including felonious assault, multiple counts of rape, and multiple counts of kidnapping. Tayse was also convicted of

numerous sexually violent predator and repeat violent offender specifications. All of Tayse's convictions were affirmed on direct appeal with the exception of his conviction for disrupting public services, which was reversed on sufficiency grounds. *State v. Tayse*, 9th Dist. Summit No. 23978, 2009-Ohio-1209.

{¶3} In the years following his direct appeal, Tayse filed a bevy of motions in the trial court challenging his convictions. In 2013, Tayse unsuccessfully moved the trial court for post-conviction relief. This Court affirmed the trial court's dismissal of the petition on appeal. *State v. Tayse*, 9th Dist. Summit No. 27050, 2013-Ohio-5801.

{¶4} On November 20, 2015, Tayse filed a pro se "motion to vacate void judg[]ment and issue a judg[]ment entry that complies with [Crim.R. 32(C)]." Therein, Tayse maintained that the trial court never issued a final, appealable order in this matter. The State filed a memorandum in opposition to the motion. On May 17, 2016, the trial court issued an order denying Tayse's motion.

{¶5} On appeal, Tayse raises two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH THE MANDATE OF CRIM[.]R[.] 32(C), WHICH FAILED TO MAKE CASE NO. CR-2007-04-1285 FINAL OR APPEALABLE.

### ASSIGNMENT OF ERROR II

SUMMIT COUNTY COMMON PLEAS COURT JUDGE [] FAILED TO ENTER A RULING ON THE PETITIONER[']S SENTENCING ENHANCEMENT SPECIFICATION, THAT WAS CHARGED IN THE INDICTMENT UNDER [R.C.] 2971.03[(A)(4).]

{¶6} Both of Tayse's assignments of error are predicated on the notion that the trial court failed to comply with Crim.R. 32(C) and, therefore, did not issue a final, appealable order

in this case. Tayse suggests that because the trial court never disposed of the specifications in the indictment, this Court's decision resolving his direct appeal is a nullity. This Court disagrees.

{¶7} Former Crim.R. 32(C) stated, in pertinent part:

A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶8} In explaining former Crim.R. 32(C), the Supreme Court of Ohio stated that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus.[1] The requirements for a final, appealable order apply to specifications attendant to convictions. *See State v. Lewis*, 9th Dist. Lorain No. 08CA09379, 2009-Ohio-3322, ¶ 4-5.

{¶9} On appeal, Tayse argues that the record is "completely silent" regarding the specifications contained in the indictment. Though Tayse does not hone in on a specific charge, the crux of his argument appears to be that the trial court never made a determination with respect to applying the sentencing enhancement scheme set forth in R.C. 2971.03.

{¶10} Tayse's argument is without merit. "Crim.R. 32(C) requires a resolution of only those charges for which there were convictions." *State ex rel. Grinnell v. Reese*, 135 Ohio St.3d

---

[1] In 2011, the Supreme Court modified its holding in *Baker* and held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of conviction, (2) the sentence, (3), the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus.

255, 2013-Ohio-733, ¶ 2. A review of the trial court's November 2007 sentencing entry reveals that in addition to addressing all of Tayse's underlying convictions, the trial court's sentencing entry resolved each of the sexually violent predator and repeat violent offender specifications for which Tayse was convicted. In specific regard to Crim.R. 32(C), the entry sets forth the manner of conviction as well as the sentence for each offense and specification for which Tayse was convicted. The entry was also signed by the trial judge and entered on the journal by the clerk of court. *See* former Crim.R. 32(C); *Baker* at syllabus. Though Tayse suggests that the trial court never determined whether he was subject to the sentence enhancement scheme set forth in R.C. 2971.03, a review of the sentencing hearing transcript reveals that the trial court relied on R.C. 2971.03 when imposing sentences for Tayse's rape convictions contained in counts five, six, and seven of the indictment. The trial court's sentences for those counts were reflected in the sentencing entry. To the extent that Tayse contends that the trial court misapplied the sentencing enhancement scheme set forth in R.C. 2971.03, the alleged error, if true, would not impact whether the trial court complied with Crim.R. 32(C). Under these circumstances, Tayse cannot prevail on his claim that the trial court's judgment of conviction failed to comply with Crim.R. 32(C).

{¶11} The assignments of error are overruled.

III.

{¶12} Tayse's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JIMMY TAYSE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.