[Cite as *State v. Tayse*, 2018-Ohio-3474.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

JIMMY TAYSE

    Appellant

C.A. No.     28912

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2007-04-1285

DECISION AND JOURNAL ENTRY

Dated: August 29, 2018

CARR, Presiding Judge.

{¶1}    Appellant, Jimmy Tayse, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    This matter arises out of Tayse's most recent attempt to attack his 2007 convictions in the Summit County Court of Common Pleas. Tayse was convicted of multiple counts of rape and multiple counts of kidnapping in addition to other offenses and specifications. The circumstances which gave rise to Tayse's convictions were set forth in our decision resolving his direct appeal. *State v. Tayse*, 9th Dist. Summit No. 23978, 2009-Ohio-1209.

{¶3}    Tayse has repeatedly filed motions in the trial court challenging his convictions in the years following his direct appeal. In 2013, he unsuccessfully moved the trial court for post-conviction relief and the trial court's order was affirmed on appeal. *State v. Tayse*, 9th Dist. Summit No. 27050, 2013-Ohio-5801. In 2015, Tayse filed a motion to vacate judgment wherein

he argued that the trial court had never issued a final, appealable order. The crux of Tayse's argument was that the trial court failed to properly apply the sentencing enhancement provisions set forth in R.C. 2971.03. The trial court denied Tayse's motion. This Court affirmed the trial court's judgment. *State v. Tayse*, 9th Dist. Summit No. 28277, 2017-Ohio-2837.

{¶4} In 2017, Tayse filed another round of motions challenging his convictions that included a motion for judgment, a motion for discharge, and a motion for appointment of counsel. On December 8, 2017, the trial court issued an order denying the motions on the basis that Tayse had previously litigated the issues raised in his motions and that he was barred from relitigating those issues under the doctrine of res judicata.

{¶5} On appeal, Tayse raises three assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE SUMMIT COUNTY COURT OF COMMON PLEAS VIOLATED THE APPELLANT[']S RIGHTS TO A FAST AND SPEEDY TRIAL UNDER THE 6TH & 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ART. I, SECTION 10, OF THE OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR II

THE SUMMIT COUNTY COURT OF COMMON PLEAS VIOLATED THE APPELLANT[']S RIGHT TO COUNSEL UNDER THE 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION, ART. I[,] SECTION 10, OF THE OHIO CONSTITUTION AND CRIM[.]R[.] 44(A), OF THE OHIO RULES OF CRIMINAL PROCEDURE[.]

### ASSIGNMENT OF ERROR III

[THE TRIAL JUDGE] ABUSED HER DISCRE[TION] IN DENYING THE APPELLANT[']S MOTION FOR DISCHARGE AND MOTION FOR THE APPOINTMENT OF COUNSEL, AS NEITHER ARE BARRED BY LAW OR RES JUDICATA, AND BY DOING SO VIOLATED THE APPELLANT[']S RIGHT TO DUE PROCESS.

{¶6} In his first assignment of error, Tayse argues that the trial court violated his constitutional right to a speedy trial as certain charges in this case remain unresolved. In his second assignment of error, Tayse contends that he was denied his constitutional right to counsel. In his final assignment of error, Tayse argues that the trial court abused its discretion when it denied his motion for discharge and his motion for appointed counsel based on the doctrine of res judicata. This Court disagrees.

{¶7} Tayse's central position that serves as the foundation for each of his assignments of error is his contention that the trial court never resolved the counts in the indictment that implicated R.C. 2971.03(A). "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, quoting *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981, ¶ 9. As noted above, Tayse filed a motion in 2015 arguing that the trial court never issued a final, appealable order in this matter due to issues relating to the application of the sentencing enhancement scheme set forth in R.C. 2971.03(A). The trial court rejected Tayse's argument. This Court affirmed the trial court's judgment and noted that Tayse's argument pertaining to R.C. 2971.03(A) was misplaced. *Tayse*, 2017-Ohio-2837, at ¶ 9-11. In his most recent round of motions, Tayse again argued that issues concerning the application of R.C. 2971.03(A) resulted in certain counts in the indictment being unresolved. As Tayse attempts to raise issues that were litigated in a prior proceeding, his arguments are barred under the doctrine of res judicata. *Zhao* at ¶ 7. Accordingly, the trial court did not err in denying Tayse's motions on that basis.

{¶8} Tayse's first, second, and third assignments of error are overruled.

III.

**{¶9}** Tayse's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JIMMY TAYSE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.