[Cite as *State v. Tayse*, 2023-Ohio-1354.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    30456 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES TAYSE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 07 04 1285 |

DECISION AND JOURNAL ENTRY

Dated: April 26, 2023

SUTTON, Presiding Judge.

{¶1}  Defendant-Appellant James Tayse appeals from the judgment of the Summit County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

{¶2}  This matter arises out of Mr. Tayse's most recent attempt to attack his 2007 convictions in the Summit County Court of Common Pleas.  Mr. Tayse was convicted of multiple counts of rape and multiple counts of kidnapping in addition to other offenses and specifications. The circumstances which gave rise to Mr. Tayse's convictions were set forth in this Court's decision resolving his direct appeal.  *See State v. Tayse*, 9th Dist. Summit No. 23978, 2009-Ohio-1209.

{¶3}  As this Court previously noted in *State v. Tayse*, 9th Dist. Summit No. 28912, 2018-Ohio-3474, ¶ 3:

[Mr.] Tayse has repeatedly filed motions in the trial court challenging his convictions in the years following his direct appeal. In 2013, he unsuccessfully

moved the trial court for post-conviction relief and the trial court's order was affirmed on appeal. *State v. Tayse*, 9th Dist. Summit No. 27050, 2013-Ohio-5801. In 2015, [Mr.] Tayse filed a motion to vacate judgment wherein he argued that the trial court had never issued a final, appealable order. The crux of [Mr.] Tayse's argument was that the trial court failed to properly apply the sentencing enhancement provisions set forth in R.C. 2971.03. The trial court denied [Mr.] Tayse's motion. This Court affirmed the trial court's judgment. *State v. Tayse*, 9th Dist. Summit No. 28277, 2017-Ohio-2837.

In 2017, [Mr.] Tayse filed another round of motions challenging his convictions that included a motion for judgment, a motion for discharge, and a motion for appointment of counsel. On December 8, 2017, the trial court issued an order denying the motions on the basis that [Mr.] Tayse had previously litigated the issues raised in his motions and that he was barred from relitigating those issues under the doctrine of res judicata.

On August 29, 2018, this Court affirmed the trial court's decision, finding that Mr. Tayse's claims were barred by the doctrine of res judicata. *See Tayse*, 2018-Ohio-3474, ¶ 7.

{¶4} On February 24, 2022, Mr. Tayse filed a "Motion to Dismiss Pursuant to Crim.R. 12." In that motion, Mr. Tayse argued the trial court lacked jurisdiction because no indictment was ever filed in his case. On August 19, 2022, the trial court denied Mr. Tayse's motion.

{¶5} It is from that judgment Mr. Tayse appeals, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**JUDGE SUSAN BAKER ROSS, OF THE SUMMIT COUNTY COURT OF COMMON PLEAS, ABUSED HER DISCRETION AND VIOLATED [MR.] TAYSE'S CONSTITUTIONAL RIGHTS TO DUE PROCESS, GUARANTEED UNDER THE 4TH, 5TH, AND 14TH[] AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10[] OF THE OHIO CONSTITUTION.**

{¶6} In his sole assignment of error, Mr. Tayse argues the trial court erred in denying his motion to dismiss on the grounds that the trial court lacked jurisdiction to hear his case. This Court disagrees.

**{¶7}** "'A vaguely titled motion, including a motion to correct or vacate a judgment or sentence,' may be treated as a petition for post[-]conviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated." *State v. Higgins*, 9th Dist. Summit No. 29628, 2020-Ohio-2914, ¶ 5, quoting *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6. Mr. Tayse's motion to dismiss meets these criteria, so we conclude his motion is a petition for post-conviction relief.

**{¶8}** A post-conviction proceeding is a collateral civil attack on a criminal judgment, in which the petitioner receives no more rights than those granted by the statute. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). R.C. 2953.21(A)(1)(a) states that anyone "may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief" if that person:

> has been convicted of a criminal offense * * * and * * * claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]

**{¶9}** We generally review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard. *State v. Nichols*, 9th Dist. Summit No. 29228, 2019-Ohio-3084, ¶ 10. "Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law." *Id*. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. Here, the trial court found Mr. Tayse's petition was untimely. Our standard of review in this matter is therefore de novo.

{¶10} Pursuant to R.C. 2953.21(A)(2)(a), a petition filed under R.C. 2953.21(A)(1)(a), "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." The trial transcript was filed in Mr. Tayse's direct appeal on April 9, 2008. He filed his petition in this matter on February 24, 2022, close to 14 years after the statutory deadline. Apart from being untimely, Mr. Tayse's petition is also successive, as the record reveals he filed a prior petition for post-conviction relief in 2013.

{¶11} A trial court may not entertain untimely or successive petitions for post-conviction relief unless the petitioner satisfies certain requirements. R.C. 2953.23(A)(1). First, he must show either that (1) he was "unavoidably prevented" from discovering the facts he relies on, or (2) subsequent to the 365-day deadline, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶12} Raising a defective indictment argument does not constitute an exception to R.C. 2953.23's procedural requirements. *State v. Morris*, 9th Dist. Summit No. 24613, 2009-Ohio-3183, ¶ 7. Beyond that, Mr. Tayse made no attempt to satisfy the requirements of R.C. 2953.23(A)(1). "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive post[-]conviction petition." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36. Consequently, the trial court lacked authority to entertain Mr. Tayse's petition, so we cannot say that the court erred in denying it. *See Nichols* at ¶ 13; *see also State v. White*, 9th Dist. Summit No. 30041, 2022-Ohio-605, ¶ 11.

{¶13} Even assuming arguendo that the trial court had authority to entertain Mr. Tayse's petition, his claims would nonetheless be precluded by res judicata. Pursuant to the doctrine of res judicata:

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶14} Mr. Tayse's argument in his motion to dismiss that the trial court never invoked its jurisdiction does not change that result. A sentence is only void "when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42. "[P]ursuant to R.C. 2931.03, 'a common pleas court has subject-matter jurisdiction over felony cases.'" *Id*. at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8. Furthermore, a court acquires personal jurisdiction over a person "by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 36. "A defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him." *Id*. Because the trial court here had both subject-matter jurisdiction over the case and personal jurisdiction over Mr. Tayse, his sentence was not void. *See State v. Dyson*, 9th Dist. Wayne No. 21AP0021, 2021-Ohio-4466, ¶ 9. Any sentence based on an error in the court's exercise of its jurisdiction would be voidable, and "neither the state nor the defendant can challenge [a] voidable sentence through a post[-]conviction motion." *Henderson* at ¶ 43. *See also Harper* at ¶ 42 ("When the sentencing court has jurisdiction to act, sentencing errors * * * render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct

appeal."). Accordingly, Mr. Tayse's argument is now barred by res judicata, and we can only conclude that the trial court did not err in denying his petition for post-conviction relief.

{¶15} Mr. Tayse's sole assignment of error is overruled.

### III.

{¶16} Mr. Tayse's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

JAMES TAYSE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.