[Cite as *In re D.J.*, 2023-Ohio-3523.]

STATE OF OHIO   )   IN THE COURT OF APPEALS
        )ss:   NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

IN RE: D.J.          C.A. No.  30185


              APPEAL FROM JUDGMENT
              ENTERED IN THE
              COURT OF COMMON PLEAS
              COUNTY OF SUMMIT, OHIO
              CASE No.  DL 11 11 2532

DECISION AND JOURNAL ENTRY

Dated: September 29, 2023

---

FLAGG LANZINGER, Judge.

**{¶1}** Defendant-Appellant, D.J., appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, dismissing his petition for post-conviction relief. This Court affirms.

I.

**{¶2}** When D.J. was fifteen years old, he anally raped his three-year old sister. She died from her injuries. D.J. was charged with rape and felony murder. The juvenile court adjudicated him delinquent. The court found him to be a serious youthful offender. It imposed a blended sentence. D.J. was committed to the Ohio Department of Youth Services ("ODYS") until his twenty-first birthday. The juvenile court also imposed an adult sentence of life in prison with parole eligibility after twenty-five years. The court stayed the adult sentence on the condition that D.J. successfully complete his juvenile disposition. At the time of his disposition, D.J. was seventeen years old.

{¶3} Less than two months before D.J.'s twenty-first birthday, the State moved to invoke the adult portion of his sentence. The juvenile court held an invocation hearing. The court then granted the State's motion. The court sentenced D.J. to life in prison with parole eligibility after twenty-five years. D.J. appealed. This Court affirmed the juvenile court's invocation judgment. *In re D.J.*, 9th Dist. Summit Nos. 28472, 28473, 2018-Ohio-569.

{¶4} While his appeal was pending, D.J. filed a petition for post-conviction relief. The juvenile court dismissed his petition based on res judicata. D.J. appealed. This Court affirmed the juvenile court's judgment on other grounds. *In re D.J.*, 9th Dist. Summit No. 29119, 2019-Ohio-2988. D.J. later moved for reconsideration, and we agreed to reconsider his appeal. *In re D.J.*, 9th Dist. Summit No. 29119 (June 16, 2020). On reconsideration, we reversed a portion of the juvenile court's judgment. *In re D.J.*, 9th Dist. Summit No. 29119, 2020-Ohio-3528, ¶ 18-22. We remanded the matter for further proceedings. *Id.* at ¶ 22.

{¶5} On remand, the juvenile court once again dismissed D.J.'s petition for post-conviction relief. The court rejected the petition because it did not set forth sufficient operative facts justifying relief. D.J. appealed. At oral argument, this Court questioned whether the juvenile court still had jurisdiction over D.J. We noted that D.J. had filed his petition after his twenty-first birthday. This Court ordered the parties to brief the jurisdictional issue. Our order terminated the assignment to the panel to allow the parties time to respond.

{¶6} D.J. and the State have filed supplemental briefs addressing the juvenile court's jurisdiction. D.J.'s appeal is now before this Court. It contains one assignment of error for review.

II.

ASSIGNMENT OF ERROR

THE JUVENILE COURT ERRED IN DENYING D.J.'S POST-CONVICTION PETITION ON THE GROUNDS OF INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶7}    In his assignment of error, D.J. argues the juvenile court erred when it dismissed his petition for post-conviction relief.  He argues that his petition had merit.  Because the juvenile court lacked jurisdiction to consider D.J.'s petition, we affirm its judgment of dismissal on other legally correct grounds.  *See State ex rel. Johnson v. Oberlin City Sch. Dist. Bd. of Edn.*, 9th Dist. Lorain No. 08CA009517, 2009-Ohio-3526, ¶ 13.

{¶8}    The subject matter jurisdiction of the juvenile court is "a question of law which this Court reviews de novo."  *In re J.L.M.*, 9th Dist. Summit No. 28867, 2018-Ohio-2175, ¶ 9.  "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case."  *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 23.  It "can never be waived and may be raised at any time, by any party, or sua sponte by the court."  *Sunrise Cooperative, Inc. v. Joppeck*, 9th Dist. Lorain No. 16CA010984, 2017-Ohio-7654, ¶ 9.  "This is because jurisdiction is a condition precedent to the court's ability to hear the case.  If a court acts without jurisdiction, then any proclamation by that court is void."  *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

{¶9}    "A juvenile court may exercise jurisdiction only if expressly granted the authority to do so by statute."  *Rowell v. Smith*, 133 Ohio St.3d 288, 2012-Ohio-4313, ¶ 13.  "The general rule is that a juvenile court has jurisdiction over juveniles who have been adjudicated delinquent until they reach the age of 21 * * *."  *In re R.B.*, 162 Ohio St.3d 281, 2020-Ohio-5476, ¶ 27.  *Accord* R.C. 2152.02(C)(6).  "The obvious flip side of that statement is that juvenile courts do not

have jurisdiction over adjudicated delinquents once they are 21 years old." *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, ¶ 23.

{¶10} D.J. turned twenty-one in November 2016. He did not file his petition for post-conviction relief until January 29, 2018. There is no dispute that he filed his petition after his twenty-first birthday. The only question is whether the juvenile court had subject matter jurisdiction to rule on his petition.

{¶11} The Supreme Court has recognized that, in limited instances, a juvenile court may issue rulings beyond a juvenile's twenty-first birthday. In *State ex rel. N.A. v. Cross*, the Supreme Court found that the juvenile court had jurisdiction to proceed with a delinquency case even though the juvenile therein had turned twenty-one. 125 Ohio St.3d 6, 2010-Ohio-1471. N.A. successfully appealed his initial adjudication and turned twenty-one before the juvenile court could conclude his adjudication proceedings on remand. *Id.* at ¶ 4. The Supreme Court found N.A. was still a "child" by statute because his offense occurred before he turned 18 and his delinquency proceeding was a "hearing on [his] complaint" under that subdivision. *Id.* at ¶ 10, quoting R.C. 2152.02(C)(2). Further, the Supreme Court found that the jurisdictional age cap set forth in R.C. 2152.02(C)(6) did not apply to N.A. because he had not been adjudicated delinquent before turning eighteen. *Id.* at ¶ 11. While N.A.'s age would prevent the juvenile court from committing him to ODYS, the Supreme Court found his age was not a barrier to the juvenile court's continued exercise of jurisdiction. *Id.* at ¶ 12-14.

{¶12} The Supreme Court also has found that juvenile courts have statutory authority to review previously imposed juvenile sex offender classifications after juveniles turn twenty-one. *In re R.B.*, 162 Ohio St.3d 281, 2020-Ohio-5476, ¶ 3. In *In re R.B.*, the Court held that R.C. 2151.23(A)(15) "grants the juvenile court 'exclusive original jurisdiction' to carry out its

obligations under the sex offender-classification statutes * * *." *Id.* at ¶ 28, quoting R.C. 2151.23(A). If a juvenile court complies with the classification statutes, it may continue to exercise its jurisdiction for "as long as the classification remains in effect * * *." *In re R.B.* at ¶ 30. Thus, *In re R.B.* recognized that specific statutes can provide independent authority for a juvenile court's exercise of jurisdiction after a delinquent child turns twenty-one. *Id.* at ¶ 32.

{¶13} When delinquency proceedings have concluded and no independent statutory authority exists for a juvenile court's continued exercise of jurisdiction, the Supreme Court has repeatedly found that juvenile courts lose jurisdiction once an adjudicated delinquent turns twenty-one. *See In re A.W.*, 160 Ohio St.3d 193, 2020-Ohio-1457 (juvenile court lacks jurisdiction to invoke adult portion of serious youthful offender sentence after adjudicated delinquent turns twenty-one); *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697 (juvenile court lacks jurisdiction to perform an initial sex offender classification once disposition complete and adjudicated delinquent turns twenty-one); *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961 (juvenile court lacks jurisdiction to hold new sentencing hearing to correct disposition and impose post-release control after adjudicated delinquent turns twenty-one). Those cases comport with the plain language of R.C. 2152.02(C)(6). That statute provides, in relevant part, that "[t]he juvenile court has jurisdiction over a person who is adjudicated a delinquent child * * * prior to attaining eighteen years of age *until the person attains twenty-one years of age* * * *." (Emphasis added.)

{¶14} D.J. was adjudicated delinquent before he turned eighteen. Thus, R.C. 2152.02(C)(6) applied to him. The juvenile court only had jurisdiction over D.J. until he turned twenty-one. *Compare State ex rel. N.A.*, 125 Ohio St.3d 6, 2010-Ohio-1471, at ¶ 10-11. Further, any proceedings the juvenile court held on his petition for post-conviction relief did not qualify as a "hearing on [his] complaint" under R.C. 2152.02(C)(2). *See State ex rel. Jean-Baptiste* at ¶ 20

(agreeing that "a 'hearing on the complaint' [under] R.C. 2152.02(C)(2) is limited to matters of adjudication"). "A post-conviction proceeding is a collateral civil attack" on a previously imposed judgment. *State v. Tayse*, 9th Dist. Summit No. 30456, 2023-Ohio-1354, ¶ 8. It is not an extension of the proceedings on the underlying judgment. *See id.* While the post-conviction relief statute allows a person adjudicated delinquent to seek post-conviction relief, it does not alter the subject matter jurisdiction of the juvenile court. *See* Former R.C. 2953.21(A)(1)(a). Nor does R.C. 2151.23 expressly grant the juvenile court exclusive original jurisdiction to conduct post-conviction proceedings. *Compare In re R.B.*, 162 Ohio St.3d 281, 2020-Ohio-5476, ¶ 28. Because D.J. filed his petition for post-conviction relief after he turned twenty-one, the juvenile court lacked jurisdiction to consider it. *See In re A.W.* at ¶ 8; *In re J.V.* at ¶ 22-24. *See also In re T.L.*, 8th Dist. Cuyahoga No. 100328, 2014-Ohio-1840, ¶ 12-13.

{¶15} In his supplemental brief, D.J. argues that, if he cannot pursue post-conviction relief, "then the invocation statute is unconstitutional as applied to him given there are no other means for [him] to raise the ineffective assistance constitutional violations at issue in this appeal." This Court is not persuaded by his argument for three reasons. First, the invocation statute merely permits the juvenile court to invoke the adult portion of a person's serious youthful offender dispositional sentence. *See* R.C. 2152.14(E)(1). The question of what, if any, remedies are available to a person adjudicated delinquent once the juvenile court invokes the person's sentence is a separate issue. Second, "[s]tate collateral review itself is not a constitutional right." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). It is a statutory construct. A petitioner seeking post-conviction review "receives no more rights than those granted by the statute." *Id.* Neither the post-conviction relief statute nor the statutes governing the jurisdiction of the juvenile court currently provide the juvenile court with the authority to consider D.J.'s petition. *See* Discussion,

*supra*. Finally, and relatedly, the Ohio Supreme Court has recognized that certain avenues of relief may be closed to juveniles based on principles of statutory construction. In *In re T.A.*, the Supreme Court held that the plain language of App.R. 26(B) does not afford juvenile offenders the ability to argue that they did not receive effective assistance of appellate counsel pursuant to that rule. 171 Ohio St.3d 44, 2022-Ohio-4173, ¶ 22. While the Supreme Court recommended the rule be amended to permit juveniles to pursue applications to reopen, the Supreme Court interpreted the rule as currently written. *See id.* at ¶ 22-23. This Court likewise must interpret the applicable statutes herein as written. Absent a legislative amendment to the statutes governing the jurisdiction of the juvenile court or the post-conviction relief statute, we have no choice but to conclude that the juvenile court lacked jurisdiction to consider D.J.'s petition for post-conviction relief.

{¶16} The juvenile court dismissed D.J.'s petition, finding that it did not set forth sufficient operative facts establishing any substantive grounds for relief. The juvenile court ought to have dismissed the petition based on a lack of subject matter jurisdiction. Accordingly, this Court affirms its judgment of dismissal on other legally correct grounds. *See State ex rel. Johnson*, 2009-Ohio-3526, at ¶ 13. D.J.'s sole assignment of error is overruled.

III.

{¶17} D.J.'s sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶18} I agree with this Court's decision to affirm the judgment of the juvenile court. Because I would affirm the juvenile court's judgment on the merits, however, I concur in judgment only.

{¶19} Any person adjudicated a delinquent child has a statutory right to collaterally attack the judgment of the juvenile court. *See* R.C. 2953.21(A)(1)(a)(i). Much like their adult counterparts, juveniles have a constitutional right to effective assistance of counsel. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 78-79. While the jurisdiction of the juvenile court

generally expires once a child turns twenty-one, *see* R.C. 2152.02(C)(6), "[o]ur jurisprudence requires that protections afforded adult criminal defendants, when appropriate, be extended to juveniles who stand in equal jeopardy of having their liberties taken." *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 49. "Because the juvenile's right to counsel is predicated on due process, it is malleable rather than rigid." *In re C.S.* at ¶ 80. For example, the Ohio Supreme Court has recognized that, at the appellate level, a juvenile may raise a claim of ineffective assistance of appellate counsel pursuant to case law even though App.R. 26(B) does not apply in appeals from juvenile adjudications. *In re T.A.*, 171 Ohio St.3d 44, 2022-Ohio-4173, ¶ 18, citing *State v. Murnahan*, 63 Ohio St.3d 60 (1992). Since the issuance of *In re T.A.*, the Commission on the Rules of Practice and Procedure also has proposed amendments to App.R. 26 to permit delinquent children to seek the reopening of their appeal following a disposition or commitment.

{¶20} This Court previously exercised its jurisdiction in a prior post-conviction relief appeal filed by D.J., thereby implicitly recognizing that the juvenile court had jurisdiction to consider his petition. *See In re D.J.*, 9th Dist. Summit No. 29119, 2020-Ohio-3528. The majority's interpretation of R.C. 2152, et seq., and R.C. 2953.21 effectively denies D.J. the means to collaterally attack the juvenile court's judgment on the grounds of ineffective assistance of counsel. D.J. turned twenty-one only five days after the juvenile court granted the State's motion to invoke the adult portion of his sentence. Five days was not enough time for him to mount and pursue a challenge to the court's judgment on the grounds of ineffective assistance of counsel. If D.J. had the right to effective assistance of counsel during his invocation proceedings, he must have had some means to enforce that right. Accordingly, I would conclude that the juvenile court properly exercised its jurisdiction to hear D.J.'s petition for post-conviction relief.

{¶21} While I do not agree that the juvenile court lacked jurisdiction over D.J.'s petition, I agree this Court should affirm the juvenile court's judgment. For the reasons outlined by the juvenile court, I would conclude that D.J. failed to set forth sufficient operative facts establishing any substantive grounds for relief. As such, I concur in judgment only.

APPEARANCES:

STEPHANIE F. KESSLER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.